Greg **HALL**, as Executor of the Estate of Preston L. Hall, Appellant,

v.

**HUBCO, INC., Appellee.**

**No. 14–05–00073–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 9, 2006.

Supplemental Opinion on Grant of Rehearing in Part June 8, 2006.

---

Stephen J. Cavanaugh, Houston, for appellant.

David H. Melasky, Murry B. Cohen, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices YATES and ANDERSON.

## OPINION

LESLIE BROCK YATES, Justice.

This is an appeal from a final judgment in a breach of contract action brought by appellant Greg Hall, as Executor of the Estate of Preston L. Hall, against appellee Hubco, Inc. involving Hubco's failure to remove hazardous waste from Hall's property. A jury found Hubco liable and awarded damages and attorneys' fees, but the trial court granted in part Hubco's motion to disregard certain jury findings and reduced the damages award. Both parties appealed. In eight issues, Hall claims the trial court erred in disregarding jury findings based on allegedly unreliable expert testimony, disregarding a jury finding regarding the decrease in market value to his property, and failing to award attorneys' fees pursuant to the parties' stipulation. In three cross-issues, Hubco claims the first of the two agreements at issue did not obligate it to remove hazardous waste, the second agreement was not a contract as it lacked consideration, and the trial court erred in refusing to instruct the jury on contract formation. We conclude that the second agreement was not supported by consideration and therefore reverse the trial court's judgment to the extent it found Hubco liable for breach of contract and awarded damages based on this agreement. We also conclude the trial court erred in disregarding the jury's finding regarding the decrease in market value to Hall's property. We affirm the remainder of the trial court's judgment.

### BACKGROUND

In his capacity as administrator of his deceased father's estate, Hall owned a piece of vacant property containing a partially-excavated pit. Hall arranged for several construction businesses, including Hubco, to dump their excess fill dirt in the pit, thus making the property more marketable.

Hall and Hubco entered into a contract dated November 24, 1988 (the "November agreement") in which Hall gave Hubco permission to dump "clean fill dirt" on the property. The November agreement also required Hubco to grade and survey the property and, when its work was complete, to "clean and dress up the work area." The agreement expired February 28, 1999.

In February 1999, before the November agreement expired, Hall visited the property and saw a black, tar-like substance

emanating from the soil. Two different companies took one sample each, and testing confirmed that the soil contained hazardous waste. Hall believed that Hubco had dumped contaminated soil on his property and demanded that Hubco remove it. Hubco denied Hall's allegation but nonetheless agreed to remove the soil "as a favor." A handwritten document dated June 3, 1999 (the "June agreement"), signed by both parties, states as follows:

[Hall] gives permission to [Hubco], in regards to the subject property, to do in a timely manner the following:

● Remove the tar-like waste substance from the southeast quadrant of the property . . .

● After removal of all of the waste substance, areas that were dug up will be filled in with clean fill dirt[.]

● The waste substance properly disposed in accordance with applicable local, state, and federal laws pertaining to the disposal of hazardous waste.

Several months later, Hubco removed the contaminated soil but failed to dispose of it properly. Hubco then returned the soil to Hall's property, where it remains. Hall has taken the property off the market because it is unmarketable with the waste present.

Hall sued Hubco for breach of the November and June agreements. The jury found that the June agreement constituted an agreement for Hubco to remove and dispose of the hazardous waste (question 1) and that Hubco breached both the June and November agreements (questions 2 and 3). Based on expert testimony that removing and disposing of the waste would cost $106,482.25, the jury awarded damages in that amount for breach of both agreements (questions 4a, 4c, and 5a). The jury also awarded an additional $2,000 for breach of the June agreement based on the estimated cost to fill areas excavated in

the clean-up process with clean soil (question 4b) and $8,000 for Hubco's failure to grade and survey the property under the November agreement (questions 5b and 5c). The jury found the difference in the market value of the property "immediately before and immediately after the occurrence in question" to be $165,000 (question 7) and the reasonable and necessary attorneys' fees for Hall's attorney to be $29,750 plus $15,000 for various stages of appeals (question 6).

Hubco moved to disregard the jury's findings on questions 1 and 5a. The trial court granted the motion in part and entered judgment on October 28, 2004. The court disregarded the items of the jury's damages award based on expert testimony of the clean-up costs (questions 4a, 4c, and 5a) and the question determining the decrease in market value (question 7). The court awarded the remaining items of contract damages the jury found (questions 4b, 5b, and 5c) for a total of $10,000, jury's award of attorneys' fees, and pre- and post-judgment interest. This appeal followed.

## ANALYSIS

### *Standard of Review*

A trial court may disregard a jury finding only if there is no evidence to support the finding or if the issue is immaterial. *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994); *Harris County v. Gibbons*, 150 S.W.3d 877, 885 (Tex.App.-Houston [14th Dist.] 2004, no pet.). A question is immaterial when it should not have been submitted or was properly submitted but has been rendered immaterial by other findings. *Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex.1997); *Gibbons*, 150 S.W.3d at 885. When the trial court's ruling on a motion to disregard is based on a legal issue, we review

the ruling de novo. *Houston Lighting & Power Co. v. City of Wharton*, 101 S.W.3d 633, 638 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

### Contract Formation

■ Hubco asserts in its first cross-issue that the trial court erred in denying its motion to disregard the jury's finding on question 1 because, as a matter of law, the June agreement did not constitute a contract. A contract that lacks consideration is unenforceable. *Sudan v. Sudan*, 145 S.W.3d 280, 285 (Tex.App.-Houston [14th Dist.] 2004, pet. filed). What constitutes consideration is a question of law. *Id.* Consideration can be either a benefit to the promisor or a detriment to the promisee. *Id.*

■ The June agreement merely states that "Hall gives permission to [Hubco]" to remove and dispose of the soil containing hazardous wastes and to replace it with clean fill dirt. The face of the agreement reflects no detriment to Hall or benefit to Hubco. Hall argues in his brief that "[w]ithout the agreement, Hubco had no right to go onto the property," but there is no evidence that Hubco needed or desired to go onto the property except to clean it as Hall demanded. At oral argument, Hall asserted that Hubco needed the agreement so it could park its equipment on his land during nearby construction work, but Hall admitted Hubco was no longer using his land for that purpose at that time. Further, Hall's statement contradicts the plain language of the agreement, which gives Hubco permission to enter the property for specified reasons, none of which include parking its equipment. Such parol evidence is inadmissible to contradict, vary, or add to the terms of an unambiguous written agreement. *In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 369 (Tex.App.-Houston [14th Dist.] 2000, no

pet.). Though also not in his brief, Hall stated at oral argument that Hubco received a benefit because it entered the June agreement to avoid a lawsuit by Hall. However, this alleged additional consideration is not in the agreement, and parol evidence cannot be used to prove another promise not contained in the contract. *See Liu v. City of San Antonio*, 88 S.W.3d 737, 742–43 (Tex.App.-San Antonio 2002, pet. denied) (refusing to consider parol evidence of consideration for an alleged contract); *Boy Scouts of Am. v. Responsive Terminal Sys., Inc.*, 790 S.W.2d 738, 744 (Tex.App.-Dallas 1990, writ denied) ("[P]arties cannot circumvent the parol evidence rule by contending that missing promises constitute additional consideration."); *Saunders v. Alamo Soil Conservation Dist.*, 545 S.W.2d 249, 252 (Tex.Civ. App.-San Antonio 1976, writ ref'd n.r.e.) ("[I]t is not permissible to prove by parol additional consideration in the form of promises not contained in the instrument.").

The face of the June agreement reflects neither a benefit to Hubco nor a detriment to Hall. We therefore conclude, as a matter of law, that the June agreement was not a contract because it lacked consideration. Thus, the trial court erred in refusing to disregard the jury's finding to question 1 as the question should not have been submitted. *See Salinas*, 948 S.W.2d at 288; *Gibbons*, 150 S.W.3d at 885. We sustain Hubco's first cross-issue. Because we conclude the June agreement was not a contract, we modify the judgment to strike the $2,000 damages award for breach of the June agreement. We need not address Hall's first, fourth, and seventh issues to the extent he complains the trial court erred in disregarding the jury's damages findings relating to breach of the June agreement. Nor do we address Hubco's alternative argument in its first cross-

issue that the June agreement is also unenforceable because Hubco added additional material terms before signing.

■ In its third cross-issue, Hubco argues that the trial court erred in refusing to instruct the jury on the law of contract formation. It is unclear if this issue pertains to the June or November agreement. To the extent it relates to the June agreement, we need not consider this argument because we have already determined the agreement is unenforceable as a matter of law. To the extent it relates to the November agreement, Hubco failed to preserve this issue for appeal because it did not offer its proposed instruction in writing. *See* Tex.R. Civ. P. 278; *Willis v. Donnelly*, 118 S.W.3d 10, 29 (Tex.App.-Houston [14th Dist.] 2003, pets. granted); *Jarrin v. Sam White Oldsmobile Co.*, 929 S.W.2d 21, 25 (Tex.App.-Houston [1st Dist.] 1996, writ denied). We overrule Hubco's third cross-issue.

### Expert Damages Testimony

In question 5a, the jury awarded Hall $106,482.25 in damages for Hubco's failure to "[c]lean[ ] the work area" under the November agreement. This is the exact amount that Hall's expert, Scott Leafe, testified it would cost to remove and properly dispose of the hazardous waste. The trial court disregarded the jury's finding on the basis that Leafe's conclusions were unreliable because they were based on inadequate data and therefore constitute no evidence to support the jury's verdict. *See Kerr–McGee Corp. v. Helton*, 133 S.W.3d 245, 254 (Tex.2004) (stating that unreliable expert evidence amounts to no evidence).

■ The proponent of scientific or technical evidence bears the burden of demonstrating that the expert's opinions are reliable. *Id.* This reliability requirement focuses on the principles, research, and methodology underlying an expert's conclusions. *Exxon Pipeline Co. v. Zwahr*, 88 S.W.3d 623, 629 (Tex.2002). Under this standard, expert testimony is unreliable if it is not grounded in the methods and procedures of science and is no more than subjective belief or unsupported speculation. *Kerr–McGee*, 133 S.W.3d at 254 (quotation marks omitted). Expert testimony is also unreliable if there is " 'too great an analytical gap between the data and the opinion proffered.' " *Id.* (quoting *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 726 (Tex.1998)).

■ In his second issue, Hall argues that the trial court erred in disregarding the jury's answer to question 5a because Leafe's opinions were reliable and therefore sufficient evidence to support the jury's finding. Leafe testified that sampling soil to determine the amount and type of toxicity is critical in calculating the cost to remove and dispose of the waste and that his estimates were based on the two samples taken in 1999. However, Leafe also stated that many more soil samples should have been taken and that, given the large amount of potentially contaminated soil on the property, two samples were not enough to make a proper determination of contamination levels. Though Leafe said he made the best cost estimate he could based on the two samples, he repeatedly admitted he could not accurately determine the cost of waste removal and disposal with such limited data. Based on this testimony, we conclude the trial court properly determined that Leafe's opinions were unreliable. As such, his testimony constituted no evidence of the cost of waste removal and disposal. *See id.* at 255–58 (finding expert's damages testimony incompetent because he had insufficient factual basis for his conclusions). Because the jury relied on that evidence in awarding damages under question 5a, there was no evidence to support the jury's

finding, and the trial court properly disregarded it. *See Spencer,* 876 S.W.2d at 157; *Gibbons,* 150 S.W.3d at 885. We overrule Hall's second issue.

■■■■ In his fifth issue, Hall argues that even if Leafe's opinions were unreliable, the trial court erred in disregarding them because Hubco waived any objection to the reliability of Leafe's testimony. When, as here, a party challenges the data underlying an expert's conclusions, a timely objection is required to preserve a no-evidence challenge to any finding on which they are based. *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 227, 233 (Tex.2004).

Hubco made no pretrial expert challenges. Rather, when Hall offered Leafe's report into evidence during Leafe's trial testimony, Hubco objected as follows:

> [Defense Counsel]: Your Honor, we would object. We would object. An adequate predicate hasn't been laid. Yes, business record predicate, personal knowledge. But this contains opinions that the witness in his deposition testified he didn't have sufficient information to provide.
>
> First of all, there is a relevance problem with this. This is what he would bid to do the job without knowing what's actually out there.
>
> The Court: The relevance objection is overruled.
>
> [Defense Counsel]: Okay. Your honor, Mr. Leafe testified in his deposition that he does not know what the cost to remove this dirt would be because he would have to do sampling. He hasn't done sampling and—

> The Court: ... All I need is a legal objection. I don't need cross-examination in your argument.
>
> [Defense Counsel]: Your Honor, the objection is the proper predicate hasn't been laid. This is based on invalid data that would support the conclusions therein.
>
> The Court: The objection's overruled.

Hall argues that Hubco's objection did not specifically raise the issue of reliability and was therefore insufficient to preserve error. *See* TEX.R.APP. P. 33.1(a). Though Hubco did not specifically mention reliability, its objection clearly states that Leafe did not do sampling and that his conclusions were based on invalid data. This objection is sufficiently specific to raise the issue of the reliability of Leafe's opinions and allow the trial court to make an informed ruling, and thus it preserves error. *See McKinney v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 772 S.W.2d 72, 74 (Tex.1989). Hall also argues that Hubco failed to object again six pages later in the transcript when Leafe reiterated his ultimate conclusion as to the clean-up cost. However, Hubco's objection at the beginning of Leafe's testimony is sufficient to preserve error. *See Kerr–McGee,* 133 S.W.3d at 252; *Guadalupe–Blanco River Auth. v. Kraft,* 77 S.W.3d 805, 807 (Tex. 2002). We overrule Hall's fifth issue.[1]

### Market Value Damages

In question 7, the jury found the difference in the market value of the property "immediately before and immediately after the occurrence in question" to be $165,000, presumably based on Hall's testimony that the property was worth $160,000–$200,000 and that he had taken the property off the market because it is unmarketable with

---

1. We need not address Hubco's second cross-issue, which is predicated on reinstating the jury's finding on question 5a.

the waste present. In its judgment, the trial court disregarded this finding, stating in a footnote that "Question 7 was disregarded because of a defective charge related solely to the damages sought by that question." In issues three, six, and part of seven, Hall argues that the trial court erred in disregarding the jury's answer to question 7. We agree.

We cannot discern the exact basis for the trial court's decision to disregard the jury's answer to question 7. If the trial court deemed question 7 erroneously worded, Hall correctly argues it was improper to disregard it on this basis because Hubco waived any error by failing to object to its wording. *See F.S. New Prods., Inc. v. Strong Indus., Inc.,* 129 S.W.3d 606, 624–25 (Tex.App.-Houston [1st Dist.] 2004, pet. granted). Hubco does not dispute this but instead argues that an objection was unnecessary because the question was immaterial.

Generally, a trial court may disregard a jury finding based on a lack of evidence only in response to a motion, but a trial court can sua sponte disregard a jury's answer to an immaterial question. *See* TEX.R. CIV. P. 301; *Anderson, Green-*

*wood & Co. v. Martin,* 44 S.W.3d 200, 216–17 (Tex.App.-Houston [14th Dist.] 2001, pet. denied); *Lamb v. Franklin,* 976 S.W.2d 339, 343 (Tex.App.-Amarillo 1998, no pet.). A question is immaterial when it should not have been submitted or was properly submitted but has been rendered immaterial by other findings. *Salinas,* 948 S.W.2d at 288; *Gibbons,* 150 S.W.3d at 885. Our record does not reflect that any motion to disregard the jury's answer to question 7 was ever made,[2] and thus we must determine if the jury's answer to question 7 was material.

Hubco argues that market damages were unavailable as a matter of law and thus the jury's answer to question 7 was immaterial, citing *Holland v. Wal–Mart,* 1 S.W.3d 91 (Tex.1999).[3] In that case, Wal-Mart argued for the first time in a post-verdict brief that attorneys' fees were not available under the applicable statute and thus requested that the trial court disregard the jury's determination of the amount of attorneys' fees. *Id.* at 93. The Texas Supreme Court held that Wal–Mart could properly raise the issue for the first time post-verdict because the jury's award of attorneys' fees was immaterial to the

**2.** Hubco's motion to disregard jury findings and its first and second supplements to this motion requested only that the trial court disregard the jury's findings on questions 1 and 5a. These documents make no mention of question 7 or market value damages. At oral argument, Hubco's counsel stated that he had filed a motion to disregard the jury's answer to question 7. After argument, we ordered the parties to supplement the record on appeal to include "[a]ll post-verdict briefing from both parties regarding entry of judgment or requesting modification of the jury's verdict" and cautioned that "[i]f the clerk's record is not properly supplemented as ordered, the court may be unable to determine whether the parties' issues relating to the trial court's entry of judgment have been preserved for our review." The parties did supplement the record, but it appears that not all request-

ed briefing was included. Based on what was included, we can determine that the parties engaged in some briefing regarding the propriety of market value damages, but the record contains no actual request for the trial court to disregard the jury's finding on question 7. Hubco argues in its brief that its request for entry of judgment on some questions is an implicit request to disregard all other questions. We reject this argument. Any such implicit request was not sufficiently specific to comply with Texas Rule of Appellate Procedure 33.1(a). *See Wal–Mart Stores, Inc. v. McKenzie,* 997 S.W.2d 278, 280 (Tex. 1999).

**3.** Hubco does not argue that the answer to question 7 was rendered immaterial by the jury's answers to any other questions.

legal issue of whether attorneys' fees were statutorily available. *Id.* at 94.

■ *Holland* does not control here for two reasons. First, unlike here, the record in *Holland* showed the defendant actually made a post-verdict request to disregard the answer. Second, *Holland* concerned whether a particular statute provided a remedy as a matter of law. However, when, as here, damage to real property is involved, the correct measure of damages is a fact-specific inquiry. If repair is feasible and does not cause economic waste, then the plaintiff may recover the cost of repair; otherwise, the plaintiff is entitled to the decrease in market value caused by the injury.[4] *See Coastal Transp. Co.*, 136 S.W.3d at 235 (holding that market value damages were unavailable because cost to rebuild damaged property was significantly less than decrease in market value caused by damage); *Samuel v. KTVU P'ship*, No. 08-02-00010-CV, 2003 WL 22405384, at *1 (Tex.App.-El Paso Oct. 22, 2003, pet. denied) (mem.op.) ("Texas courts have recognized that the proper measure of damages when the injury to realty is repairable is the reasonable cost of repairs necessary to restore the property to its prior condition."); *Jim Walter Homes, Inc. v. Gonzalez*, 686 S.W.2d 715, 717 (Tex.App.-San Antonio 1985, writ dism'd) (noting that "Texas courts generally allow damages based on costs of repairs if repairs are feasible and do not involve economic waste"). Thus, unlike in *Holland*, the availability of the damages at issue depends on the proof adduced at trial. The trial court must act pursuant to a written motion to properly disregard a jury finding on such an issue. *See Martin*, 44 S.W.3d at 216-17; *Lamb*, 976 S.W.2d at 343.

■ Hubco also argues that question 7 was defective as a matter of law because it was not linked to any liability finding. Hubco is mistaken; question 7 is specifically predicated on an affirmative answer to questions 2 and 3, which ask whether Hubco failed to comply with the June and November agreements. Hubco further contends that market value damages could not be awarded for breach of the agreements in this case because no term obligated Hubco to restore market value. Hall did not object to question 7 on this basis in the trial court, and thus any such argument is waived. *See F.S. New Prods.*, 129 S.W.3d at 624-25.

We sustain Hall's sixth and seventh issues to the extent that he argues the trial court erred in disregarding question 7 when Hubco had not requested that relief and had waived any objection to the wording of that question. We need not address Hall's third issue in which he asserts additional reasons the trial court erred in disregarding the jury's answer to question 7.

### Attorneys' Fees

Hall's trial attorney, Stephen J. Cavanaugh, was his second attorney. Before hiring Cavanaugh, Hall hired attorney Gerald Higdon and paid him $8,360 in legal fees. At trial, the parties stipulated that $8,360 was a reasonable and necessary fee

---

**4.** These are general damages principles that apply in a variety of cases involving damage to real property, including breach of contract, nuisance, negligence, landlord/tenant disputes, and deceptive trade practices. *See Coastal Transp. Co.*, 136 S.W.3d at 235 (negligence); *Samuel*, 2003 WL 22405384, at *1 (breach of contract); *Z.A.O., Inc. v. Yarbrough Drive Ctr. Joint Venture*, 50 S.W.3d 531, 547 (Tex.App.-El Paso 2001, no pet.) (landlord/tenant); *North Ridge Corp. v. Walraven*, 957 S.W.2d 116, 119 (Tex.App.-Eastland 1997, pet. denied) (nuisance); *Jim Walter Homes*, 686 S.W.2d at 717 (deceptive trade practices).

for Higdon's services and that if the jury found Hubco liable on either the November or June agreement, $8,360 would be added to the damages award. Cavanaugh testified at trial as to his reasonable and necessary fees in the amount of $28,850, and the jury awarded $29,750 in attorneys' fees plus additional fees for various levels of appeals. The final judgment, entered over eight months after the stipulation and verdict, included attorneys' fees in the exact amount found by the jury. In his eighth issue, Hall argues the trial court erred in failing to include the stipulated attorneys' fees in the final judgment.

■■■■ Hall has not preserved this issue for review. Rule 33.1 of the Texas Rules of Appellate Procedure requires a party to make an objection specific enough to call the trial court's attention to the specific error alleged to preserve the issue for appellate review. *See* Tex.R.App. P. 33.1(a). Hall contends that he "specifically added this amount in the Judgment he proposed." However, Hall merely requested a total amount of non-appellate attorneys' fees of $38,410 without explaining the basis for this figure. While a motion for entry of judgment generally preserves error when the trial court awards less than requested, *Elliott v. Kraft Foods N. Am., Inc.*, 118 S.W.3d 50, 55 (Tex.App.-Houston [14th Dist.] 2003, no pet.), we do not believe this rule applies when the movant is claiming error on appeal based on a specific calculation error never pointed out to the trial court. Hall never specifically requested additional attorneys' fees based on the stipulation, either in his motion for entry of judgment or in his motion for new trial (which made no complaint about attorneys' fees), and thus he never provided the trial court an opportunity to correct this alleged error. We therefore conclude Hall has waived any error on this issue.

■■■■ Even assuming Hall preserved error, his argument lacks merit. We will not disturb a trial court's award of attorneys' fees absent an abuse of discretion. *Cole Chem. & Distrib., Inc. v. Gowing*, 228 S.W.3d 684, 689 (Tex.App.-Houston [14th Dist.] 2005, no pet.). A stipulation constitutes some evidence of the reasonableness of requested attorneys' fees. *See Sanchez-O'Brien Oil & Gas Corp. v. Austin Res. Corp.*, No. 14–96–00240–CV, 1998 WL 322686, at *7 (Tex.App.-Houston [14th Dist.] June 18, 1998, pet. denied) (not designated for publication) ("A stipulation to the reasonableness of attorney's fees amounts to some evidence to support their award."); *Jackson v. Barrera*, 740 S.W.2d 67, 68–69 (Tex.App.-San Antonio 1987, no writ) (holding that stipulation was "some evidence" to support an award of attorneys' fees). However, the trial court is not bound by even uncontroverted attorneys' fees evidence and may award less than requested. *See Cole*, 228 S.W.3d at 689 (finding no abuse of discretion when the trial court awarded less attorneys' fees than the range testified to by both parties' experts); *Nat'l Mar–Kit, Inc. v. Forrest*, 687 S.W.2d 457, 460 (Tex.App.-Houston [14th Dist.] 1985, no writ) (noting that "[a] court is not mandated to award attorney's fees equal to those testified to at trial," even when that testimony is uncontroverted). Further, the trial court awarded Hall nearly three times the total damages award in attorneys' fees. *See Cole*, 228 S.W.3d 689 (noting that amount recovered is a factor in determining reasonableness of attorneys' fees). For these reasons, we cannot say the trial court abused its discretion in its attorneys' fees award to Hall. We overrule Hall's eighth issue.

CONCLUSION

We hold that the trial court erred in denying Hubco's motion to disregard the

jury's finding on question 1 because the June agreement was not supported by adequate consideration. Thus, the trial court's judgment awarding damages based on breach of this agreement was erroneous. We also hold that the trial court erred in disregarding the jury's answer to question 7 because Hubco waived any objection to the wording of the question and because our record does not reflect any motion to disregard this finding. We reverse the trial court's judgment and remand for a redetermination of the amount to be awarded to Hall consistent with this opinion, including pre- and post-judgment interest. We affirm the remainder of the trial court's judgment.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

In our initial opinion, we held that the trial court erred in disregarding the jury's answer to question 7 regarding market-value damages because the jury's response to the question was material and the record does not reflect that Hubco ever made a motion to disregard this question. Hubco moved for rehearing, arguing in part that it was not required to make such a motion and that in any case, it did so move. We grant Hubco's motion for rehearing on this issue only and now issue this opinion as a supplement to our original opinion of February 9, 2006.[1] We overrule the remaining issues in Hubco's motion for rehearing.

■■■■ Hubco contends that we erred in holding that it was required to move to disregard the jury's answer to question 7. Hubco argues that it suffered no adverse ruling unless and until the trial court entered judgment based on the jury's re-

sponse to question 7, and because the trial court did not enter judgment on the finding, it had no legal requirement to object. We disagree. As stated in our initial opinion, when, as here, a jury question is material, the trial court may disregard the jury's response only pursuant to a motion to do so. See Tex.R. Civ. P. 301; *Fire Ins. Exch. v. Sullivan,* 192 S.W.3d 99, 105 (Tex. App.-Houston [14th Dist.] 2006, no pet. h.); *Anderson, Greenwood & Co. v. Martin,* 44 S.W.3d 200, 216–17 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). Such a motion is a jurisdictional prerequisite to the trial court's power to disregard a jury finding. *Olin Corp. v. Cargo Carriers, Inc.,* 673 S.W.2d 211, 214 (Tex.App.-Houston [14th Dist.] 1984, no writ). Otherwise, the trial court must render a judgment that conforms to all material findings. *See* Tex.R. Civ. P. 300, 301; *Fire Ins. Exch.,* 192 S.W.3d at 105; *Brown v. Armstrong,* 713 S.W.2d 725, 728–29 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). Thus, if Hubco did not file a motion to disregard the jury's response to question 7, then the trial court had no authority to disregard it.

■■■ Before issuing our initial opinion, we ordered the parties to supplement the clerk's record to include all post-judgment briefing regarding entry of judgment or modification of the jury's verdict but did not receive all such briefing. Thus, we were unable to determine that Hubco had ever requested that the trial court disregard the jury's finding on question 7. After we issued our opinion, the record was supplemented again with five additional relevant post-judgment documents. Based on the context provided by this new supplementation, we now conclude that Hubco

---

1. In its response to Hubco's motion for rehearing, Hall requests that we reconsider our conclusion that Hall's expert evidence of clean-up costs was unreliable and therefore insufficient. Because we are unpersuaded that we erred in this respect, we overrule Hall's request.

made a minimally adequate request to disregard the jury's finding on question 7.

Hubco originally moved to disregard only the findings on questions 1 (regarding breach of the June agreement) and 5a (cost to clean up the property). The parties extensively briefed these issues. Eventually, Hall argued that even if its evidence proving clean-up costs was insufficient, it could still recover for the decrease in market value that the jury found in question 7. In response, Hubco filed a memorandum of authorities entitled "Additional Authorities in Support of Defendant's Motion to Disregard Jury Findings" that asserted the "diminution in value is not the measure of damages for the breach of contract claims asserted in the case at bar." Hubco neither explained why it believed market-value damages were inappropriate nor specifically requested that the trial court disregard the response to question 7. Hall then filed a brief explaining why he believed market-value damages were appropriate in this case.

■■■ In determining the nature of a filing, we look to the substance of document, not merely its title. *Rush v. Barrios,* 56 S.W.3d 88, 93 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). " 'Its substance is determined by what effect it will have on the proceeding if granted.' " *Id.* (quoting *Univ. of Houston v. Elthon,* 9 S.W.3d 351, 355 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.)). Though Hubco did not explicitly request that the trial court disregard the response to question 7, its memorandum of authorities was intended to persuade the trial court that the market damages the jury found in question 7 were inapplicable. Thus, we now hold that Hubco's memorandum of authorities constituted an implicit request for the trial court to disregard the jury's response to question 7, which gave the trial court the authority to disregard it.

*See id.* at 93–94 (holding that "Brief in Support of Fee Forfeiture" constituted a request for judgment notwithstanding the verdict based on the brief's substance).

■■■ We must now determine whether the trial court erred in disregarding the response to question 7. As we stated in our initial opinion, "[i]f repair is feasible and does not cause economic waste, then the plaintiff may recover the cost of repair; otherwise, the plaintiff is entitled to the decrease in market value caused by the injury." *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 227, 235 (Tex.2004); *Samuel v. KTVU P'ship,* No. 08–02–00010–CV, 2003 WL 22405384, at *1 (Tex.App.-El Paso Oct. 22, 2003, pet. denied) (mem.op.); *Jim Walter Homes, Inc. v. Gonzalez,* 686 S.W.2d 715, 717 (Tex. App.-San Antonio 1985, writ dism'd). Hubco argues that our initial ruling reinstating market-value damages gives Hall an economically wasteful windfall because "[i]t is undisputed that the repair (clean up) costs here were less than market value." We reject this argument. Because we have determined that the only evidence of clean-up costs presented was unreliable, there is no evidence of clean-up costs. *See Kerr–McGee Corp. v. Helton,* 133 S.W.3d 245, 254 (Tex.2004) ("If the expert's testimony is not reliable, it is not evidence."). That the jury found clean-up costs were less than the decrease in market value based on unreliable evidence does not mean the result would have been the same with reliable evidence. It is impossible to know whether, had adequate soil samples been taken, greater levels of waste would have been found, resulting in higher clean-up costs. Hubco cannot have it both ways—we cannot disregard the expert evidence for purposes of proving damages based on clean-up cost but then use that evidence to show clean-up costs were less than the decrease in market value.

Hall is entitled to recover either clean-up costs or the decrease in market value, whichever is less. *See Coastal Transp. Co.*, 136 S.W.3d at 235; *Samuel*, 2003 WL 22405384, at *1; *Jim Walter Homes*, 686 S.W.2d at 717; *see also Greene v. Bearden Enters., Inc.*, 598 S.W.2d 649, 652 (Tex.Civ.App.-Fort Worth 1980, writ ref'd n.r.e.) (noting the "general rule" that the plaintiff is "entitled to the remedial cost or difference in value, whichever is less"). Though Hall may have attempted to prove both measures of damages, he was not required to do so. We have found no Texas case holding that market-value damages are not available on the basis that the plaintiff had no evidence of clean-up or other repair costs for comparison. The minimization of damages is a defensive matter on which the defendant bears the burden of proof. *See Rauscher Pierce Refsnes, Inc. v. Great Sw. Sav., F.A.*, 923 S.W.2d 112, 117 (Tex.App.-Houston [14th Dist.] 1996, no writ); *P.G. Lake, Inc. v. Sheffield*, 438 S.W.2d 952, 956 (Tex. Civ.App.-Tyler 1969, writ ref'd n.r.e.); *see also Chem. Express Carriers, Inc. v. French*, 759 S.W.2d 683, 688–89 (Tex.App.- Corpus Christi 1988, writ denied) (holding that defendant has the burden to prove that repair increased the value of the property above original value, thus reducing repair cost damages by amount of increase in value (citing *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127, 129 (Tex.1950))). If the plaintiff proves one legitimate measure of damages and the defendant believes an alternative measure would reduce the damages award, it is the defendant's burden to prove the lesser

amount.[2] *See Miller v. Dickenson*, 677 S.W.2d 253, 258–259 (Tex.App.-Fort Worth 1984, writ ref'd n.r.e.); *Heritage Hous. Corp. v. Ferguson*, 674 S.W.2d 363, 366–67 (Tex.App.-Dallas 1984, writ ref'd n.r.e.); *Jim Walter Homes, Inc. v. Castillo*, 616 S.W.2d 630, 635 (Tex.Civ.App.-Corpus Christi 1981, no writ); *Greene*, 598 S.W.2d at 652–53; *P.G. Lake*, 438 S.W.2d at 955– 56. Hubco failed in this burden.[3] Because the decrease in market value is a valid damages measure and there is no evidence that cleaning up the property is feasible and less expensive, Hall is entitled to recover market-value damages. Thus, as in our original opinion, we conclude the trial court erred in disregarding the jury's response to question 7.

---

2. Courts in Tennessee, Arizona, and Wisconsin apply this rule as well. *See Conatser v. Ball*, No. M1999–00583–COA–R3–CV, 2001 WL 873457, at *12 (Tenn.Ct.App.2001) (citing *A.I.D. Ins. Servs. v. Riley*, 25 Ariz.App. 132, 541 P.2d 595, 598–99 (Ariz.Ct.App.1975), *Greene*, 598 S.W.2d at 653 (citing *Engel* ), and

*Engel v. Dunn County*, 273 Wis. 218, 77 N.W.2d 408, 410 (Wis.Ct.App.1956)).

3. Although Hubco's expert criticized Hall's expert's damages estimate, he did not offer his own estimate.