NO.
12-06-00077-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

BOBBY DALE ADKISON,  §          APPEAL
FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW OF

 

SARAH ELIZABETH
ADKISON,

APPELLEE   §          NACOGDOCHES COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Bobby Dale
Adkison appeals from a final decree of divorce. 
On appeal, Bobby presents six issues. We affirm.

 

Background








            Bobby
and Sarah Elizabeth Adkison were divorced in 1983.  They each married again, divorced, and
remarried one another on June 1, 1985. 
On June 24, 2004, Sarah filed for divorce, requesting that she be
awarded a disproportionate share of the parties’ estate.  In her amended petition, Sarah also requested
attorney’s fees, expenses, costs, and interest through trial.  Both parties filed inventory and
appraisements, itemizing their separate and community property assets.  Bobby filed a motion for a hearing on
spoliation of records, alleging that Sarah took all the parties’ records from
the home and had not produced or returned the records to him.  In the motion, Bobby claimed the records were
“essential” to tracing his separate property assets.  Bobby requested that the trial court set a
hearing on the motion, find that Sarah spoliated records, and either relieve
him of his burden to trace his separate assets or conclude that the spoliated
records would support his tracing of separate assets.  According to the clerk’s record, the trial
court never set Bobby’s motion for a hearing.          

            A
bench trial on the divorce was held on April 25, May 20, and June 22,
2005.  On June 24, Bobby filed a trial
amendment, requesting reimbursement of his separate estate for funds or assets
expended for payment of liabilities of the community estate.  The final decree of divorce included a
finding that Bobby was at fault for the breakup of the marriage and that there
was a “great” disparity of earnings between the parties.  The trial court found that the real property,
including the Butler[1] and Adams[2] tracts, and the
livestock, including cattle, was community property.  Further, the trial court found that Bobby had
a reimbursement claim against the real property of the parties and ordered
that, upon the sale of the real property, Bobby was to be paid thirty-nine
percent of the net proceeds as reimbursement to his separate estate.  The trial court ordered the remaining
sixty-one percent of the net proceeds from the sale of real and personal
property community assets to be divided, with Sarah receiving sixty percent of
the proceeds and Bobby receiving forty percent. 
The trial court appointed a receiver to take charge and possession of
all real and personal community property unless otherwise agreed to by the
parties.  The trial court ordered that
Bobby pay Sarah’s attorney’s fees through trial and further awarded Sarah
attorney’s fees in the amount of $10,000 in the event the case was
appealed.  This appeal followed.

 

Standard of
Review

            We
review a trial court’s division of property under an abuse of discretion
standard.  Moroch v. Collins,
174 S.W.3d 849, 857 (Tex. App.–Dallas 2005, pet. denied); see also Garza
v. Garza, No. 04-03-00888-CV, 2006 WL 2871256, at *5 (Tex. App.–San
Antonio Oct. 11, 2006, no pet.).  A trial
court does not abuse its discretion if there is some evidence of a substantive
and probative character to support the decision.  Garza, 2006 WL 2871256, at *5; Moroch,
174 S.W.3d at 857.  Further, we review a
trial court’s findings for legal and factual sufficiency.  Garza, 2006 WL 2871256, at *5; Moroch,
174 S.W.3d at 857.  However, in family
law cases, the abuse of discretion standard of review overlaps with the
traditional sufficiency standards of review and, as a result, legal and factual
sufficiency are not independent grounds of reversible error.  Garza, 2006 WL 2871256, at *5; Moroch,
174 S.W.3d at 857. Instead, they constitute factors relevant to our assessment
of whether the trial court abused its discretion.  Garza, 2006 WL 2871256, at *5; Moroch,
174 S.W.3d at 857. Thus, in considering whether the trial court abused its
discretion because the evidence is legally or factually insufficient, we apply
a two prong test: (1) whether the trial court had sufficient evidence upon
which to exercise its discretion, and (2) whether the trial court erred in its
application of that discretion. Garza, 2006 WL 2871256, at *5; Moroch,
174 S.W.3d at 857.  We then consider
whether, based on the evidence, the trial court made a reasonable
decision.  Garza, 2006 WL
2871256, at *5; Moroch, 174 S.W.3d at 857.

 

Division of
Community Property

            A
trial court is charged with dividing the estate of the parties in a “just and
right” manner, considering the rights of both parties.  Tex.
Fam. Code Ann. § 7.001 (Vernon 2006); Jacobs v. Jacobs,
687 S.W.2d 731, 733 (Tex. 1985); Moroch, 174 S.W.3d at 855.  Property possessed by either spouse during or
on dissolution of marriage is presumed to be community property.  Tex.
Fam. Code Ann. § 3.003(a) (Vernon 2006). 
To overcome this presumption, a party must present clear and convincing
evidence that the property is separate.  Id.;
Garza, 2006 WL 2871256, at *4. “Clear and convincing evidence”
means the measure or degree of proof that will produce in the mind of the trier
of fact a firm belief or conviction as to the truth of the allegations sought
to be established.  Tex. Fam. Code Ann. § 101.007 (Vernon
2002).  In order to overcome the
community property presumption, the burden is on the spouse claiming certain
property as separate to trace and clearly identify the property claimed to be
separate.  Boyd v. Boyd,
131 S.W.3d 605, 612 (Tex. App.–Fort Worth 2004, no pet.).  Tracing involves establishing the separate
origin of the property through evidence showing the time and means by which the
spouse originally obtained possession of the property.  Id.  As a general rule, mere testimony that
property was purchased with separate funds, without any tracing of the funds,
is insufficient to rebut the community property presumption. Garza,
2006 WL 2871256, at *4; Moroch, 174 S.W.3d at 855.  Any doubt as to the character of property
should be resolved in favor of the community estate.  Garza, 2006 WL 2871256, at *4; Moroch,
174 S.W.3d at 856.

 

Findings of
Fact

            Initially,
we must determine whether the trial court made findings of fact and conclusions
of law.  Bobby argues that the trial
court made findings of fact and conclusions of law on pages five and six of the
final decree of divorce and that they were sufficient to be challenged on
appeal.  We disagree.  Under the Texas Rules of Civil Procedure, any
party may request the trial court to state in writing its findings of fact and
conclusions of law.  Tex. R. Civ. P. 296.  Under the Texas Family Code in a suit for
dissolution of marriage in which the trial court has rendered a judgment
dividing the estate of the parties and upon a request by a party, the trial
court shall state in writing its findings of fact and conclusions of law.  Tex.
Fam. Code Ann. § 6.711 (Vernon 2006). 
A request for findings and conclusions under section 6.711 of the Texas
Family Code must conform to the Texas Rules of Civil Procedure.  Id.  Moreover, findings of fact “shall not” be
recited in a judgment and must be filed with the clerk of the court as a
document or documents separate and apart from the judgment. Tex. R. Civ. P. 299a. 

            In
this case, no findings of fact or conclusions of law were requested or filed
under either the Texas Rules of Civil Procedure or the Texas Family Code.  Thus, we conclude that there are no findings
of fact or conclusions of law to be challenged on appeal.  See Frommer v. Frommer, 981
S.W.2d 811, 814 (Tex. App.–Houston [1st Dist.] 1998, pet. dism’d).  Accordingly, we presume that the trial court
made all necessary findings to support its judgment.  Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1990); Frommer, 981 S.W.2d at 813.  If the trial court’s implied findings are
supported by the evidence, we must uphold its judgment on any theory of law
applicable to the case. Worford, 801 S.W.2d at 109; Boyd,
131 S.W.3d at 611.

 

Butler Tract
and Spoliation

            In
his first issue, Bobby contends that he paid off a note on the Butler tract and
that the trial court erred in failing to find a reimbursement claim against
that tract.  Sarah argues that the Butler
tract was purchased before Bobby sold the hardware store, which was the alleged
source of the funds to purchase this tract. 
She also contends that Bobby produced no records to support his
claim.  Regarding any lack of documentary
evidence related to his reimbursement and separate property claims, Bobby
contends in his fourth issue that this court should reverse and remand the
trial court’s decision based upon the spoliation of evidence.  Sarah argues that Bobby never obtained a
ruling from the trial court and, as such, has waived his complaint. 

Applicable Law

            A
claim for reimbursement includes payment by one marital estate of the unsecured
liabilities of another marital estate.  Tex. Fam. Code Ann. § 3.408 (Vernon
2006).  The trial court shall resolve a
claim for reimbursement by using equitable principles, including the principle
that claims for reimbursement may be offset against each other if the court
determines it to be appropriate.  Id.  The party claiming the right of reimbursement
has the burden of pleading and proving that the expenditures and improvements
were made and that they are reimbursable. 
Vallone v. Vallone, 644 S.W.2d 455, 459 (Tex. 1982).  Reimbursement is not a matter of law, but
lies within the discretion of the trial court. 
Id. 

            Spoliation
is the improper destruction of evidence relevant to a case.  Kang v. Hyundai Corp., 992 S.W.2d
499, 502 (Tex. App.–Dallas 1999, no pet.). 
Intentional spoliation of evidence relevant to a case raises a
presumption that the evidence would have been unfavorable to the cause of the
spoliator.  Ordonez v. M.W. McCurdy
& Co., Inc., 984 S.W.2d 264, 273 (Tex. App.–Houston [1st Dist.]
1998, no pet.).  When a party believes
that another party has improperly destroyed evidence, it may either move for
sanctions or request a spoliation presumption instruction.  Trevino v. Ortega, 969 S.W.2d
950, 954 (Tex. 1998) (Baker, J., concurring). 
At that point, a trial court should determine whether sanctions or a
presumption is justified.  Id.  However, as a prerequisite to presenting a
complaint for appellate review, the record must show that the complaint was
made to the trial court by a timely request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1).  Further,
the trial court must have ruled on the request, objection, or motion, either
expressly or implicitly or refused to rule on the request, objection, or motion,
and the complaining party objected to the refusal.  Tex.
R. App. P. 33.1(a)(2). 

 

Analysis

            According
to the deed admitted into evidence, Bobby acquired the Butler tract on March
24, 1999.  Bobby admitted that he bought
the land during his marriage.  He
testified that he paid for the property with separate funds after selling stock
in a hardware store.  However, he
admitted that the deed indicated he paid cash for the property.  Bobby’s testimony and the couple’s 1999
federal income tax records confirm that Bobby sold 100 shares of Circle A
Hardware, Inc. stock.  The federal income
tax records reflect that the sale took place in September 1999, while Bobby and
his expert witness, James T. Davis, testified that the sale was completed in
November 1999.  Bobby acknowledged that
he lacked any documentation supporting his claim for reimbursement to his
separate property estate.  Davis, a
certified public accountant, testified that he originally attempted to prepare
a formal tracing of Bobby’s separate property, but records such as bank
statements, real estate closing statements, deeds, and household records were
unavailable.  Because the Butler tract
was purchased during the marriage, the property was presumed to be community
property.  See Tex. Fam. Code Ann. § 3.003(a).  The evidence confirmed Bobby’s testimony that
he purchased the tract before he sold the hardware store stock, and both Bobby
and Davis admitted that they were unable to trace his separate funds from the
sale of the stock to the purchase of the tract. 
As such, Bobby’s testimony that he purchased the tract with separate
funds, without any tracing, was insufficient to rebut the community property
presumption.  See Boyd, 131
S.W.3d at 612.  Because the Butler tract
was community property and part of the community marital estate, the trial
court did not err by failing to find that Bobby had a reimbursement claim
against the Butler tract.  See Tex. Fam. Code Ann. § 3.408. Accordingly,
we overrule Bobby’s first issue.

            Bobby
argues that Sarah spoliated records resulting in a lack of documentary evidence
related to his claims of reimbursement and separate property.  Consequently, he contends that we should
reverse and remand the trial court’s decision. 
Bobby filed a motion on spoliation of records, but the trial court never
set the motion for a pretrial hearing nor did Bobby obtain a ruling on his
motion during trial.  In his motion for
new trial, Bobby never mentioned or objected to the trial court’s failure to
rule on his spoliation motion, but instead based his request for a new trial on
the appointment of a receiver.  As a
prerequisite to presenting a complaint on appeal, a party must either get a
ruling from the trial court or object to the trial court’s failure to
rule.  See Tex. R. App. P.  33.1(a)(2). 
Because the trial court never ruled on Bobby’s motion and Bobby never
objected to the trial court’s failure to rule, he has waived his spoliation
complaint.  See Tex. R. App. P.  33.1(a)(2). 
Accordingly, we overrule Bobby’s fourth issue.

 

Adams Tract

            In
his second issue, Bobby contends that the trial court abused its discretion in
finding the Adams tract of land to be community property.  He argues that this tract of land was
exchanged for a tract of land he owned when he was single.  Sarah contends that the deed to the property
reflects the tract was purchased in both their names during the marriage and
that Bobby offered no evidence to support his claim.  According to the deed admitted into evidence,
Bobby and Sarah bought the Adams tract on March 1, 1989, which was during the
marriage.  He admitted that the land was
acquired in both parties’ names and that the deed indicated he paid cash for
the property.  However, Bobby testified
that he traded property he bought while he was still single for the Adams
tract. However, he did not know if he advised his accountant that he traded
properties even though he knew “like-for-like” transfers were not taxable.
Also, Bobby could not recall completing the appropriate tax documents regarding
the transfer of properties.

            Because
the Adams tract was purchased during the marriage, the property was presumed to
be community property.  See Tex. Fam. Code Ann. § 3.003(a).  Moreover, a deed from a third party in the
names of both husband and wife raises a presumption that the property is
community property. Dutton v. Dutton, 18 S.W.3d 849, 852 (Tex.
App.–Eastland 2000, pet. denied).  Bobby
offered no documentation that the Adams tract was exchanged for another
property that he acquired while he was single. 
In fact, the documentary evidence suggests that he and Sarah paid cash
for the property. Thus, Bobby’s testimony that he traded another property for
the Adams tract, without any tracing, was insufficient to rebut the community
property presumption.  See Boyd,
131 S.W.3d at 612. Because there was insufficient evidence to rebut the
community property presumption, the trial court did not abuse its discretion in
finding the Adams tract to be community property.  See Garza, 2006 WL 2871256, at
*4-5; Moroch, 174 S.W.3d at 856-57.  Accordingly, we overrule Bobby’s second
issue.

 

Cattle

            In
his third issue, Bobby argues that the trial court abused its discretion in
finding that fifty-six cows were community property.  He contends that he received sixty head of
cattle as part of the consideration for the sale of his separate property
hardware business.  Bobby further argues
that fifty-six or fifty-seven of the original sixty head of cattle still exist and
can be specifically identified by their brands. 
Sarah contends that Bobby offered no proof of the original transaction
or his claim that the cows could be and were properly identified.  At trial, Bobby testified that part of the
consideration for the sale of the hardware store stock in 1999 was sixty
cows.  One of the exhibits introduced
during trial included a breakdown of the hardware store stock sale, which
contained a statement by the buyer that he traded sixty cows to Bobby as part
of the purchase price.  The breakdown was
signed by the buyer and acknowledged before a notary public on November 15,
2004.  Sarah objected that the statement
was hearsay.  The trial court responded
that the exhibit had already been admitted under advisement, but then sustained
part of the objection, noting that the statement may have been hearsay.  Bobby’s attorney state that Sarah may have
waived her objection because she did not object to the hearsay when the exhibit
was first introduced.

            Bobby
testified that these cows, known as the “Barton” cows, had identification
brands and that, at the time of trial, he still owned approximately fifty-six
or fifty-seven of these cows.  He
acknowledged lacking documentation regarding the sale of the rest of the cattle.  According to their 1999 joint federal income
tax return, Bobby and Sarah acquired thirty-five cows and one bull on September
1, 1999, which were designated in parentheses as “Barton.”  Their 2000 joint federal income tax return
identified fifteen cows and one bull as Barton cows.  In another section of that same tax return,
the parties stated that they had sold twenty cows, but there was no designation
that these were Barton cows.

            Sandra
Vanover, a certified public accountant, stated that she had prepared Bobby’s
income tax returns since 1986.  She
implied that Bobby obtained the sixty cows when he purchased fifty shares of
hardware store stock “way back when.” 
Davis testified that the 1999 joint income tax return contained an entry
on the depreciation schedule corresponding to the date of the stock sale that
represented the cattle received in the sale. 
Although Davis admitted that the entry indicated thirty-five cows and
one bull, he believed that this entry may have been a typographical error.  He stated that the average purchase price of
other cattle acquired by Bobby the same year indicated that the value of the
Barton cattle would have been almost two and one half times as much unless
there were sixty, not thirty-six, cows. 

            Because
the Barton cows were acquired during the marriage, the cattle were presumed to
be community property.  See Tex. Fam. Code Ann. § 3.003(a). Bobby
did not produce any receipt for the Barton cattle and his testimony that he
received the cattle as part of the stock sale, without any tracing, was
insufficient to rebut the community property presumption.  See Boyd, 131 S.W.3d at
612.  However, Bobby offered, as
documentary evidence, the breakdown statement from the buyer of the stock.  Nonetheless, the trial court appeared to
sustain Sarah’s objection that the statement was hearsay.  Even if Sarah waived her objection, the
statement is not clear and convincing evidence of Bobby’s separate
property.  The statement did not appear
to be part of the original sale documents and appeared to have been created
four years after the stock sale. 
Moreover, the breakdown and Bobby’s testimony indicated that there were
sixty cattle involved in the trade, while only thirty-six cattle were
designated as “Barton” cows in the 1999 tax return.  Further, Bobby did not produce evidence,
other than his own testimony, that fifty-six or fifty-seven Barton cattle
existed at the time of trial.  Because
Bobby could not produce clear and convincing evidence that he received sixty cows
as part of the stock sale and that fifty-six or fifty-seven of those cattle
remained in his possession, there was insufficient evidence to rebut the
community property presumption, and the trial court did not abuse its
discretion in finding the cattle to be community property.  See Garza, 2006 WL 2871256, at
*4-5; Moroch, 174 S.W.3d at 856-57. Accordingly, we overrule
Bobby’s third issue.

 

Receiver

            In
his fifth issue, Bobby argues that the trial court abused its discretion in
appointing a receiver.  He contends that
neither party requested a receiver nor was there any evidence supporting the
appointment of a receiver.  Sarah argues
that the trial court was within its discretion to make the appointment in the
event the parties could not reach an agreement about the property. 

Applicable Law         

            A
trial court has broad powers to enlist the aid of a receiver in order to
effectuate its orders and judgments.  Vannerson
v. Vannerson, 857 S.W.2d 659, 673 (Tex. App.–Houston [1st Dist.] 1993,
writ denied).  The appointment of a
receiver is left to the discretion of the trial court.  Id.; see also In re W.T.
Waggoner Estate, 163 S.W.3d 161, 165 (Tex. App.–Amarillo 2005, no
pet.). However, receivership is an extraordinarily harsh remedy and the
appointment of a receiver, without notice, is one of the most drastic actions
known to law or equity and should be exercised with extreme caution and only in
great emergency or imperative necessity. 
Rusk v. Rusk, 5 S.W.3d 299, 306 (Tex. App.–Houston [14th
Dist.] 1999, pet. denied).  In fact, the
trial court has a duty to initially determine if the parties’ community
property is subject to partition in kind. 
Id. at 307 (citing Hailey v. Hailey, 331
S.W.2d 299, 303 (Tex. 1960)).  If so, the
trial court must equitably divide the community property between the
parties.  Id.  If not, the trial court can appoint a
receiver and order so much of the property as is incapable of partition to be
sold and the proceeds divided between the parties in such portions as may be a
just, fair, and equitable partition.  Id.

Analysis

            In
the final decree of divorce, the trial court found that, after hearing the
evidence and argument of counsel, proper grounds existed for the appointment of
a receiver.  Thus, the trial court
appointed a receiver to take charge and possession of the parties’ community
property unless otherwise agreed to by the parties.  As noted above, there were no findings of
fact and conclusions of law. 
Accordingly, we presume that the trial court made all necessary findings
to support the final decree of divorce.  Worford,
801 S.W.2d at 109; Frommer, 981 S.W.2d at 813.

            In
its decree, the trial court found that the community property included a
ranching operation and a poultry farming operation.  Sarah testified that she had no objection to
the trial court ordering the sale of the properties and dividing the proceeds,
and also admitted she had no objection to Bobby keeping the “farm” if he could “pay
[her] off.” Bobby stated that he had no objection to selling the poultry
operation. The evidence at trial showed that the farming and ranching
operations were in very close proximity to each other and, thus, may not have
been easily segregated.  Also, the trial
court found that Bobby had a large reimbursement claim against the community property.  Finally, the trial court ordered a receiver
only if the parties could not otherwise agree upon a disposition of their
community property.  Because the trial
court found that Bobby had a large reimbursement claim against the community
property, the ranching and farming operations may not have been easily
segregated, and a receiver would be appointed only if the parties could not
agree on the disposition of their community property, we conclude that the
trial court did not abuse its discretion in appointing a receiver.  In re Waggoner Estate, 163
S.W.3d at 165; Vannerson, 857 S.W.2d at 673.  Accordingly, we overrule Bobby’s fifth issue.

 

Appellate
Attorney’s Fees

            In
his sixth issue, Bobby contends that the trial court abused its discretion in
awarding appellate attorney’s fees to Sarah’s attorney.  He argues that this award is typed in,
indicating that it was an afterthought. 
Moreover, Bobby contends that no testimony or evidence was presented at
trial as to the reasonableness and necessity of appellate attorney’s fees.  Sarah argues that she offered the amount of
appellate fees pursuant to a stipulation of evidence. 

Applicable Law

            We
will not disturb a trial court’s award of attorney’s fees absent an abuse of
discretion.  Hall v. Hubco, Inc.,
No. 14-05-00073-CV,  2006 WL 300314, at
*8 (Tex. App.–Houston [14th Dist.] Feb. 9, 2006, pet. denied).  Expert testimony is required to support an
award of attorney’s fees. Cantu v. Moore, 90 S.W.3d 821, 826
(Tex. App.–San Antonio 2002, pet. denied). 
A trial court has no authority to adjudicate the reasonableness of
attorney’s fees on judicial knowledge without evidence.  Id.  However, a stipulation constitutes some
evidence of the reasonableness of requested attorney’s fees.  Hall, 2006 WL 300314, at *8. 

            No
agreement between attorneys or parties touching any suit will be enforced
unless it be in writing, signed, and filed with the papers as part of the
record, or unless it be made in open court and entered of record.  Tex.
R. Civ. P. 11.  A stipulation is “an
agreement, admission, or concession made in a judicial proceeding by the
parties or their attorneys, respecting some matter incident thereto.”  Herschbach v. City of Corpus Christi,
883 S.W.2d 720, 734 (Tex. App.–Corpus Christi 1994, writ denied) (quoting Nat’l
Union Fire Ins. Co. v. Martinez, 800 S.W.2d 331, 334 (Tex. App.–El Paso
1990, no writ)).  It constitutes a
binding contract between the parties, may be used to limit or exclude the
issues to be tried, and even obviates the need for proof on the litigable
issue. ExxonMobil Corp. v. Valence Operating Co., 174 S.W.3d 303,
311 (Tex. App.–Houston [1st Dist.] 2005, pet. denied).  A stipulation made in open court is not
enforceable unless the parties dictate into the record all material terms of
the agreement and their assent.  Herschbach,,
883 S.W.2d at 734.

Analysis. 

            Although
Bobby argues that the award of attorney’s fees on appeal was an afterthought,
the evidence at trial contradicts his claim. 
On the third hearing date, Sarah’s attorney stated that he and Bobby’s
attorney had talked and stipulated that, if the case was appealed, “the
prevailing party would be entitled to reasonable attorney[’s] fees of [$10,000]
to the Court of Appeals.”  The trial
court asked Bobby’s attorney if it was an agreed stipulation. Bobby’s attorney
stated that it was.  Sarah’s attorney
reiterated their agreement in closing argument and requested a judgment for
that amount of attorney’s fees if the case was appealed.  In the divorce decree, the trial court
awarded Sarah $10,000 in attorney’s fees “in the event this case is appealed.”

            We
next consider whether evidence was presented at trial as to the reasonableness
and necessity of appellate attorney’s fees. 
Sarah’s attorney stated, in open court, that the “reasonable” attorney’s
fees for an appeal was $10,000, and Bobby’s attorney agreed.  This stipulation constituted a binding
contract between Bobby and Sarah, and obviated the need for proof on the issue
of appellate attorney’s fees.  ExxonMobil
Corp., 174 S.W.3d at 311.  Thus,
the parties’ stipulation was some evidence of the reasonableness of attorney’s
fees.  See Hall,
2006 WL 300314, at *8.  Because the
parties stipulated in open court to reasonable attorney’s fees on appeal, the
trial court did not abuse its discretion in awarding appellate attorney’s fees
to Sarah’s attorney.  See Hall,
2006 WL 300314, at *8; Herschbach, 883 S.W.2d at 734.  Accordingly, we overrule Bobby’s sixth issue.

 

Disposition

            The
judgment of the trial court is affirmed.

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

Opinion
delivered January 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(PUBLISH)











[1] This tract of approximately 31.91 acres
located in Nacogdoches County, Texas was conveyed to Bobby on March 24,
1999.  The deed included a recital that
the consideration for the conveyance was “[ten dollars] and other good and
valuable consideration.”





[2] This tract of approximately 65.35 acres
located in Nacogdoches County, Texas was conveyed to Bobby and Sarah on March
1, 1989.  The deed included a recital
that the consideration for the conveyance was “[ten dollars] and other good,
valuable and sufficient considerations, receipt of which is hereby
acknowledged, and for which no lien, express or implied is reserved.”