ACCEPTED
04-13-00550-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/30/2015 2:56:34 PM
KEITH HOTTLE
CLERK



## ROGERS & MOORE, PLLC

*Attorneys & Counselors at Law*

Stephan B. Rogers
*steve@rogersmoorelaw.com*

BOARD CERTIFIED®
Texas Board of Legal Specialization
*Civil Appellate Law*

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
3/30/2015 2:56:34 PM
KEITH E. HOTTLE
Clerk

March 30, 2015

Keith E. Hottle, Clerk
Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa St., Suite 3200
San Antonio, TX 78205

> Re:  *Randy K. Smith v. Lawrence Reid, et al.,* No. 04-13-00550-CV

Dear Mr. Hottle:

Please direct this letter brief to the Court, which is reviewing Appellant Randy Smith's Motion for Reconsideration En Banc.

**Appellees' Letter Reply to Appellant's Reply In Support of**
**Motion for Rehearing/Reconsideration En Banc**

Appellees, the Reids, present this letter brief to the Court, to correct Smith's incorrect statements pertaining to the record and relevant law.

Contrary to Smith's contention, he may only contest the attorney's fee award's legal sufficiency on appeal; all other complaints were waived in the trial court. Appellee's Reply at 1-2. As the Panel noted in its opinion, Smith made no complaint about the amount of the attorney's fee award established by the itemized invoices introduced into evidence. Panel Op. at *20. Further, Smith failed to file a motion for new trial or other post-trial motion complaining about the attorney's fee award. *See Hall v. Hubco, Inc.,* 292 S.W.3d 22, 33 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). The Panel correctly determined that Smith waived his complaints pertaining to the trial court's calculation of attorney's fees. Panel Op. at *20.

Further, Smith mischaracterizes the trial court's Conclusions of Law No. 1 & 2 concerning breach of covenant as finding of facts. Appellee's Reply at 4 (citing 3 CR 660). Smith apparently hopes the Court will read these conclusion of law as a factual finding that the Reids incurred attorney's fees solely in connection with their breach of covenant claim. However, the conclusions of law say no such thing.[1] They do not say that the Reids incurred attorney's fees only in connection with their breach of covenant claim. Nor do the conclusions say that breach of covenant is the only legal theory upon which the attorney's fees award may be based. The conclusions cited by Smith simply do not bear the weight of his arguments.

To the contrary, the trial court's legal conclusions contain conspicuous signs that the trial court awarded attorney's fees based on both § 38.001 and the "discretionary powers" conferred by the Declaratory Judgments Act to award attorney's fees that are deemed "equitable and just." 3 CR 648 (judgment); 3 CR 663 (conclusion of law 22). Smith suggests that the Panel should ignore these signs, but they speak too plainly not to be heard.

As the Panel correctly determined, this Court is not constrained to the legal theory identified by the trial court in its conclusions of law if any pleaded legal theory supports the judgment. Panel Op. at *19. The actual finding of facts relating to the attorney's fee award, findings 39 and 40, have not been challenged by Smith and are amply supported by the evidence. 3 CR 659-660 (judgment).

Smith's arguments are intended to distract this Court from his failure to preserve error at trial and adequately raise a legal sufficiency challenge to the attorney's fees award on appeal.  Smith repeatedly argues that there was evidence that only 10% of Reid's attorney's fees were incurred pursuing the breach of contract claim. *Appellee's Reply* at 6.  This was merely some evidence of the appropriate award, which the trial court obviously disregarded. 3 CR 659 (findings of fact 39 and 40). Despite extensive briefing, Smith has yet to suggest any valid basis for disturbing the trial court's findings that the Reids were entitled to recover $79,171.30 and $20,000.00 in reasonable and necessary attorney's fees for trial and appeal, and that awarding the fees to the Reids was fair and equitable. 3 CR 659-660. These findings were amply supported by the theories of recovery pleaded by the Reids.

The Panel correctly rejected Smith's arguments, and the arguments have not acquired any merit by being repeated to the entire Court. Smith's motion for reconsideration en banc should be denied.

---

[1] The trial court framed the statements as legal conclusions; they were not intended to be construed as factual findings. Unlike a finding of fact, no deference to the fact finder is afforded to a conclusion of law. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

Sincerely,

// Stephan B. Rogers
SBN 17186350

**<u>CERTIFICATE OF SERVICE</u>**

I certify that this document was served on the attorney listed below by email on March 30, 2015:

Kimberly S. Keller
Shane J. Stolarczyk
234 W. Bandera Rd., #120
Boerne, TX 78006
*kim@kellsto.com*

// Stephan B. Rogers