**COLE CHEMICAL & DISTRIBUTING, INC., Appellant/Cross–Appellee,**

**v.**

**Brendan F. GOWING, Individually and as Guarantor, Appellee/Cross–Appellant.**

No. 14–03–01092–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 15, 2005.

Tom M. Whiteside, Wauson & Associates, P.C., Sugarland, John Wesley Wauson, Matthew Brian Probus, Balcom Law Firm, P.C., Houston, for appellant.

Brett W. Arnold, for appellee.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

This case involves a commercial landlord/tenant dispute that ultimately resulted in the tenant, appellee/cross-appellant Brendan F. Gowing, individually and as guarantor, being locked out of his leased property. The landlord, appellant/cross-appellee Cole Chemical & Distributing, Inc. ("Cole"), sued Gowing for breach of the rental agreement to recover unpaid rent and late fees. Gowing asserted the affirmative defense of failure to mitigate damages and counterclaimed based on Cole's failure to hang a post-lockout notice as required by Texas Property Code section 93.002(f). We affirm in part and reverse and remand in part.

### FACTUAL AND PROCEDURAL BACKGROUND

During the second year of a two-year lease, Gowing became delinquent in his rental payments. Each month's rent included a basic monthly payment of $3,908.58 plus an additional rent equal to a prorata share of rental escalations. After several telephone calls produced no results, Cole sent a representative to the property to personally deliver an invoice to Gowing and learned for the first time that Gowing had moved out of the space and into a larger space across the hall. Cole delivered the invoice to the new space and then had the locks changed on the old space. The payment dispute continued, and Cole sued Gowing for breach of the rental agreement.

Four and a half months after the lockout, Cole and Gowing reached an agreement to mitigate damages that allowed Gowing to reoccupy the leased space for the remainder of the contract term. Cole maintained its suit to recover unpaid rent and late fees in addition to attorneys' fees in the amount of $27,100. After a bench trial, the trial court found that Gowing breached the rental agreement but awarded only $976.52 in damages after deducting $19,220.88 based on its finding that Cole had failed to make reasonable efforts to re-let the space during the lockout period and therefore failed to mitigate its damages. The trial court also awarded Cole $2,500 in attorneys' fees.

In four issues, Cole challenges the trial court's award of damages and attorneys' fees. Cole argues that the trial court improperly shifted the burden to Cole to prove that it mitigated its damages during the lockout period and that, viewed with the proper allocation of burdens, the evidence is insufficient to support a finding that Cole failed to mitigate its damages. The trial court refused to award Cole damages for late fees as specified in the contract, and Cole claims this was error as well. Finally, Cole contends that the trial court abused its discretion in awarding only $2,500 in attorneys' fees.[1]

---

1. In a cross-point, Gowing argues that Cole failed to plead and prove all conditions precedent to recovery under the rental agreement.

Gowing does not identify a specific condition precedent Cole failed to meet. In addition, this issue was not addressed in the trial

In his cross-appeal, Gowing argues that the trial court erred in rejecting his counterclaim based on Cole's failure to post a notice on the door of the leased property after the lockout specifying where Gowing could obtain new keys upon paying full rent. *See* TEX. PROP.CODE ANN. § 93.002(f) (Vernon 1995).

### ANALYSIS

### Mitigation of Damages

■ The Property Code provides that "[a] landlord has a duty to mitigate damages if a tenant abandons the leased premises in violation of the lease." TEX. PROP. CODE ANN. § 91.006(a) (Vernon Supp. 2004—2005). Though it is the landlord's duty to mitigate damages, the tenant has the burden of proving "that the landlord has mitigated or failed to mitigate damages and the amount by which the landlord reduced or could have reduced its damages." *Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.*, 948 S.W.2d 293, 299 (Tex.1997).

■ The trial court found that Cole's duty to mitigate commenced on the date of the lockout and that Cole failed to exercise reasonable efforts to mitigate its damages during the lockout period by making reasonable efforts to find a new tenant. In its second issue, Cole challenges the legal and factual sufficiency of the evidence to support the trial court's finding that it failed to mitigate.[2] In reviewing a trial court's findings of fact and conclusions of law for factual and legal sufficiency, we apply the same standards as when reviewing the suf-

ficiency of the evidence to support a jury's findings. *Rauscher Pierce Refsnes, Inc. v. Great Southwest Sav., F.A.*, 923 S.W.2d 112, 115 (Tex.App.-Houston [14th Dist.] 1996, no writ). In reviewing factual sufficiency, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). After considering and weighing all the evidence, we set aside a fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). We will not substitute our judgment for that of the trial court merely because we might reach a different conclusion. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.1998). A legal sufficiency review differs from the factual sufficiency review we outlined above in that in considering legal sufficiency, we view the evidence in a light that tends to support the disputed findings and disregard all evidence and inferences to the contrary. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex.2001). If more than a scintilla of evidence exists, it is legally sufficient. *Id.* More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. *Id.* at 782—83.

The parties presented conflicting evidence regarding the reasonableness of Cole's efforts to re-let the space. We need not determine whether the trial court

---

court's findings of fact and conclusions of law. Because Gowing did not file a request for additional findings under Rule 299, he has waived this argument on appeal. *See* TEX.R. CIV. P. 299; *Texmarc Conveyor Co. v. Arts*, 857 S.W.2d 743, 747 (Tex.App.-Houston [14th Dist.] 1993, writ denied); *Pinnacle Homes, Inc. v. R.C.L. Offshore Eng'g Co.*, 640 S.W.2d 629, 630 (Tex.App.-Houston [14th Dist.] 1982,

writ ref'd n.r.e.). We overrule Gowing's cross-point.

**2.** In its first issue, Cole claims that this somehow amounted to a finding that Cole, not Gowing, had the burden of proof on mitigation. We see no implicit or explicit indication that the trial court used the wrong burden of proof. We need not address this issue due to our disposition of Cole's second issue.

erred in finding that Cole did not make reasonable efforts to mitigate because we conclude that even assuming Cole's efforts were inadequate, Gowing failed to prove the amount of damages that could have been avoided if Cole had mitigated.[3]

A tenant's proof that the landlord failed to use objectively reasonable efforts to fill the premises, standing alone, is not a bar to recovery. Rather, the landlord's recovery is barred "only to the extent that damages reasonably could have been avoided." *Austin Hill Country*, 948 S.W.2d at 299; *see also Rauscher Pierce*, 923 S.W.2d at 117 ("Appellant also had the burden of proving the amount the damages were increased by failure to mitigate, which it failed to meet."). Thus, where a defendant proves failure to mitigate but not the amount of damages that could have been avoided, it is not entitled to any reduction in damages. *See Regency Advantage Ltd. P'ship v. Bingo Idea–Watauga, Inc.*, 928 S.W.2d 56, 62 (Tex.App.-Fort Worth 1995) (holding, in a landlord/tenant dispute, that even though defendant proved failure to mitigate damages, because it did not also prove how much the plaintiff's damages increased by failure to mitigate, the trial court did not err in refusing to reduce plaintiff's damages), *aff'd in part, rev'd in part on other grounds*, 936 S.W.2d 275 (Tex.1997); *see also Lester v. Logan*, 893 S.W.2d 570, 577 (Tex.App.-Corpus Christi 1994), *writ denied*, 907 S.W.2d 452 (Tex.1995) (per curiam) (finding that trial court did not err in refusing mitigation instruction when defendant failed to produce any evidence of the amount plaintiff's damages were increased by the alleged failure to mitigate); *Tex.*

*Dep't of Human Servs. v. Green*, 855 S.W.2d 136, 151 (Tex.App.-Austin 1993, writ denied) (same).

After the trial court found that Cole had not made reasonable efforts to mitigate, it deducted from Cole's damages the full contract rental amount for the entire lockout period. Though it may have been reasonable to use the contract price in calculating the amount of damages that could have been avoided, there is no evidence to support the trial court's implicit finding that the *full amount* of rent accrued during the lockout period could have been avoided. Even if Cole had made every mitigation effort identified by Gowing, there is no evidence that such efforts would have been successful at all, much less immediately, or of how much such efforts would have cost. *See City of San Antonio v. Guidry*, 801 S.W.2d 142, 151 (Tex.App.-San Antonio 1990, no writ) (rejecting defendant's mitigation defense when defendant argued plaintiff should have moved his business but failed to offer evidence of "how long it would have taken [plaintiff] to relocate, what the move would have cost, or how successful he might have been in another location"). Even a landlord who makes no efforts to mitigate is entitled to damages for a reasonable amount of time to find a new tenant and the expenses involved in reasonable mitigation efforts. *See Goodman v. N.Y. City Shoes, Inc. (In re N.Y. City Shoes, Inc.)*, 86 B.R. 420, 426—27 (Bankr.E.D.Pa.1988) (awarding landlord that made questionable mitigation efforts sixty days of rent, based in part on a reasonable amount of time to locate and install a replacement tenant); *Olympus Hills Shopping Ctr., Ltd. v. Landes*, 821

---

3. Cole also contends that Gowing had the burden to prove that a suitable tenant was available, citing *Austin Hill Country*. The court in *Austin Hill Country* does note that "the replacement tenant must be suitable under the circumstances," 948 S.W.2d at 299, but it does delineate that as a separate element. We need not decide whether proof of an available suitable replacement tenant is required given our conclusion that Gowing failed in his burden to prove the amount of damages that could have been avoided.

P.2d 451, 455 (Utah 1991) (affirming trial court's award of two years of rental default damages to landlord, even though landlord did not use proper efforts to mitigate, because it could have taken the landlord two years to re-let the premises with proper mitigation efforts). Gowing failed in his burden to produce such evidence.[4] Therefore, we hold that there was no evidence to support a finding regarding the amount by which Cole could have reduced its damages had it properly mitigated. We sustain Cole's second issue.

### Late Fees

The trial court did not award Cole any late fees, based on its finding that Cole had waived its right to late fees by failing to include them in any invoices to Gowing.[5] Cole argues that because the rental agreement did not obligate it to send any invoices, the trial court erred in concluding that Cole essentially had a duty to invoice Gowing for late fees.

■ The parties do not dispute the general principle that a landlord can waive the right to contractual remedies for late payments by its conduct. *See Straus v. Kirby Ct. Corp.*, 909 S.W.2d 105, 107–08 (Tex. App.-Houston [14th Dist.] 1995, writ denied); *Zwick v. Lodewijk Corp.*, 847 S.W.2d 316, 317–18 (Tex.App.-Texarkana 1993, writ denied). Cole correctly notes that "a landlord's past indulgence in accepting rent a few days late" does not, itself, establish waiver. *Straus,* 909

S.W.2d at 109. However, Cole did more than accept a few late payments; it sent an invoice to Gowing purporting to show the total amount due and did not include any late fees. In fact, trial testimony established that Gowing was unaware that Cole was seeking late fees until trial. The trial court's conclusion that Cole had waived its right to collect late fees was not erroneous.[6] We overrule Cole's third issue.

### Attorneys' Fees

■ Cole sought attorneys' fees from Gowing under Chapter 38 of the Texas Civil Practice and Remedies Code, which provides for recovery of reasonable attorneys' fees on a breach of contract claim. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997). Cole presented expert testimony that its reasonable and necessary attorneys' fees through trial were $27,100. Gowing countered with expert testimony that $10,000 was the appropriate amount. Without explanation, the trial court awarded only $2,500. In its fourth issue, Cole argues that there is no evidence to support the trial court's award and therefore the trial court abused its discretion since the expert testimony established a minimum of $10,000 of reasonable attorneys' fees. We disagree.

■ The trial court's award of attorneys' fees will not be disturbed absent an abuse of discretion. *Mabon Ltd. v.*

4. The only evidence even close to this point is Gowing's evidence that he was unsuccessful in his own efforts to find a replacement tenant. This evidence suggests re-letting would not have been instantaneous but still does not establish a reasonable time to find a new tenant.

5. Cole argues that the trial court did not make a finding on waiver because the findings of fact and conclusions of law did not use that term. The parties discussed the issue of waiver at the bench trial and included pro-

posed findings and conclusions on the issue. The trial court clearly had the issue of waiver before it and implicitly made a finding of waiver when it did not award Cole any late fees after noting that Cole did not include late fees in invoices sent to Gowing.

6. Cole also claims that Gowing waived the issue of waiver by failing to plead it. Cole never made this argument to the trial court, and it is too late to raise it for the first time on appeal. TEX.R.APP. P. 33.1(a).

*Afri–Carib Enters., Inc.,* 29 S.W.3d 291, 302 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The test for whether the trial court has abused its discretion is whether it acted without reference to any guiding rules and principles and thus was arbitrary or unreasonable. *Id.* The fact finder is not bound by expert testimony on attorneys' fees and may award a lesser amount. *State Farm Fire & Cas. Co. v. Gandy,* 880 S.W.2d 129, 139 (Tex.App.-Texarkana 1994), *rev'd on other grounds,* 925 S.W.2d 696 (Tex.1996); *see also Armstrong Forest Prods. v. Redempco, Inc.,* 818 S.W.2d 446, 452–53 (Tex.App.-Texarkana 1991, writ denied)(affirming trial court's award of attorneys fees of $7,500 when the total fee requested with uncontroverted evidence was over $23,000); *Inwood N. Homeowners' Ass'n v. Wilkes,* 813 S.W.2d 156, 157–58 (Tex.App.-Houston [14th Dist.] 1991, no writ) (affirming award of $500 in attorneys' fees to plaintiff in default judgment action who presented undisputed evidence of nearly $1,500 in attorneys' fees). To determine an appropriate fee award, the trial judge is entitled to look at the entire record and to view the matter in light of the amount in controversy, the nature of the case, and his or her personal experience as a lawyer and judge. *Armstrong Forest Prods.,* 818 S.W.2d at 453; *see also* Tex. Civ. Prac. & Rem.Code Ann. § 38.004 (Vernon 1997). Accordingly, we reject Cole's argument that the trial court was bound by the scope of the expert testimony and hold that the trial court did not abuse its discretion in awarding $2,500 in attorneys' fees to Cole. We overrule Cole's fourth issue.

■ Even though the trial court did not abuse its discretion in awarding $2,500 in attorneys' fees, we think it is appropriate to give the trial court an opportunity to reconsider its calculation of attorneys' fees in this case. The amount a party recovers is one factor to consider in assessing reasonable attorneys' fees. *Burns v. Miller,*

*Hiersche, Martens & Hayward, P.C.,* 948 S.W.2d 317, 327 (Tex.App.-Dallas 1997, pet. denied); *see also Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997) (one factor in assessing reasonableness of fee is "the amount involved and the results obtained"); *Allied Rent–All, Inc. v. Int'l Rental Ins.,* 764 S.W.2d 11, 13 (Tex.App.-Houston [14th Dist.] 1988, no writ) (trial court should consider "the benefit derived by the client"). The record does not indicate how the total amount of damages recovered factored into the trial court's attorneys' fee calculation, but it could have been significant. Because our disposition of Cole's second issue regarding mitigation of damages substantially alters the amount of Cole's recovery, we reverse the trial court's award of attorneys' fees and remand for reconsideration of attorneys' fees. *See State Farm Lloyds v. C.M.W.,* 53 S.W.3d 877, 894–95 (Tex. App.-Dallas 2001, pet. denied); *Burns,* 948 S.W.2d at 327.

### Post–Lockout Notice

■ Section 93.002(f) of the Texas Property Code provides as follows:

> If a landlord or a landlord's agent changes the door lock of a tenant who is delinquent in paying rent, the landlord or agent must place a written notice on the tenant's front door stating the name and the address or telephone number of the individual or company from which the new key may be obtained. The new key is required to be provided only during the tenant's regular business hours and only if the tenant pays the delinquent rent.

However, the Property Code also provides that "[a] lease supersedes this section to the extent of any conflict." Tex. Prop.Code Ann. § 93.002(h) (Vernon 1995). Cole admits that it did not post this notice. It contends that the need for such notice was

negated by the relevant lease provision, which states that the landlord of a defaulting tenant "may immediately terminate Tenant's right of possession of the Premises, ... and without notice or demand ...., change the locks." The trial court agreed with Cole. In its issue on cross-appeal, Gowing argues that this was error because the lease provision addresses only notice *before* a lockout whereas the Property Code provision mandates a notice *after* a lockout. Cole reads the lease provision more broadly, asserting that "without notice or demand" covers any pre-or post-lockout notice. We need not resolve this issue because we find that Gowing's actual notice negates the need for any statutory notice.

The obvious point of the statutory notice is to ensure that a tenant whose locks have been changed knows how to obtain new keys. The notice would not have benefited Gowing, who had already moved out of the space and testified that he already knew that the building manager had new keys. In fact, during the lockout, Gowing was able to obtain re-entry into the space from the building landlord without Cole's permission. Gowing does not argue that he was prejudiced or damaged in any way by Cole's failure to post the notice. Further, this type of notice is for the tenant's benefit only, and thus failure to provide it did not damage any third parties. Under these circumstances, we find that Gowing's actual notice of how to obtain new keys obviated any need for notice under section 93.002(f) of the Property Code. *See Jasper Fed. Sav. & Loan Ass'n v. Reddell,* 730 S.W.2d 672, 674—75 (Tex.1987) (borrower's actual notice of rights in deed of trust excused lender's failure to provide notice required by deed of trust when there was no showing of prejudice to borrower or public from failure to comply). We overrule Gowing's cross-issue.

## CONCLUSION

We sustain Cole's second issue and hold that the trial court erred as a matter of law in decreasing Cole's recovery based on the defense of failure to mitigate damages and that Cole is entitled to judgment for the unpaid rents due under the lease during the lockout period plus prejudgment interest. Because we cannot determine this amount as a matter of law from the record, we reverse the trial court's judgment and remand for determination of the amount to be awarded to Cole consistent with this opinion. Furthermore, in light of the fact that a greater amount of actual damages could impact the amount of reasonable attorneys's fees, we also reverse the trial court's determination of attorneys' fees and remand for reconsideration in light of the new damages figure. We affirm the remainder of the trial court's judgment.