Affirmed and Memorandum Opinion
filed February 15, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00063-CV



American
Properties of Houston, LLC and Paul A. Hoefker, Appellants 

v.

Detering Office
Partners, Ltd., Appellee 



On Appeal from
the 113th District Court

Harris County, Texas

Trial Court
Cause No. 2009-03053



 

MEMORANDUM OPINION 

            In
this lease dispute, American Properties of Houston, LLC, and Paul Hoefker
appeal the trial court’s grant of summary judgment in favor of Detering Office
Partners, Ltd.  The appellants contend that the trial court erred by failing to
follow the applicable summary-judgment standards and by failing to enforce the
unambiguous terms of the parties’ lease.  We affirm.




I

            In
2004, Detering Office Partners, Ltd. (“Detering”), agreed to lease to American
Properties of Houston, LLC (“American Properties”), the premises located at 99
Detering Street, Suite 100, in Houston.  To induce Detering to enter into the
lease, Hoefker, the managing member of American Properties, executed a guaranty
by which he unconditionally guaranteed American Properties’ performance under
the lease.  In April 2008, the parties executed a “Modification and
Ratification of Lease Agreement” extending the term of the lease to February
2010.  

            In
September 2008, Hurricane Ike damaged the leased premises.  Detering repaired
the damage in less than sixty days, but American Properties failed to pay rent
and abandoned the leased premises.  Detering sued American Properties for
breach of the lease and Hoefker for breach of his guaranty.  American
Properties and Hoefker answered and counterclaimed for breach of the lease’s
Fire Clause, which they contended required Detering to provide written
notification of its intent to either terminate the lease or to repair the
leased premises.

            Detering
moved for summary judgment, asserting that no fact issue existed as to
Detering’s claims against American Properties and Hoefker because American
Properties had defaulted under the lease by failing to pay rent and abandoning
the premises, and Hoefker failed to cure American Properties’ defaults. 
Detering further asserted that American Properties and Hoefker could not
prevail on their counterclaim because they did not provide notice of any
default by Detering as the lease required, and in any event, Hoefker had personal
knowledge of the post-hurricane repairs and therefore could not show any
damages for any alleged breach of the Fire Clause.  American Properties and
Hoefker responded, contending that genuine issues of material fact existed
regarding whether Detering failed to give written notice as required concerning
its intent to repair the lease premises, and asserting that Detering’s failure
to give the written notice rendered the lease unenforceable.  

            On
September 15, 2009, the trial court granted summary judgment in favor of
Detering.  American Properties and Hoefker filed a motion for new trial, which the
trial court denied.  This appeal followed. 

II

A

            We
review the trial court’s summary judgment de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  The party moving for a
traditional summary judgment has the burden to show that no genuine issue of
material fact exists and that it is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); M.D. Anderson Hosp. & Tumor Inst. v. Willrich,
28 S.W.3d 22, 23 (Tex. 2000) (per curiam).  In determining whether a disputed
material fact precludes summary judgment, we take as true evidence favorable to
the non-movant, and we must resolve any doubt in the non-movant’s favor as well
as make reasonable inferences in the non-movant’s favor.  Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).

B

            According
to American Properties and Hoefker, the trial court erred in granting
Detering’s motion for summary judgment because the lease expressly required
Detering to give written notice of its intent, following Hurricane Ike, regarding
its decision whether to rebuild.  American Properties and Hoefker point to the written
notice provision in the lease’s Fire Clause:

            F.         FIRE CLAUSE: If at any time during
the Lease term, the Leased Premises or any portion of the Building shall be
damaged or destroyed by fire or other casualty, then Lessor shall have the
election to terminate this Lease or to repair and reconstruct the Leased
Premises and Building to the condition in which they existed immediately prior
to such damage or destruction and Lessor shall give Lessee written notice of
such election within sixty (60) days from the date of such damage or
destruction.

American
Properties and Hoefker assert that, under the express and unambiguous terms of
the Fire Clause, if Detering does not give the written notice within sixty days,
the lease terminates.  Detering failed to give the required written notice, and
therefore the lease terminated and became unenforceable against either American
Properties or Hoefker.  Further, Detering’s failure to give the written notice
is not curable.  American Properties and Hoefker contend the trial court
wrongfully interpreted the lease and ignored Hoefker’s testimony that the
required notice was not given, which at the very least should have created a
genuine issue of material fact.[1] 


            Detering
responds that the Fire Clause does not state that the lease automatically
terminates if Detering fails to give written notice of its election, and
therefore American Properties and Hoefker’s argument is without merit.  We
agree.  Nothing in the Fire Clause provides for an automatic termination in the
event Detering fails to give the written notice.  This conclusion is supported
by the lease’s requirement that in the event of a default by Detering, American
Properties is to give Detering written notice specifying the default and giving
Detering thirty days to cure the default:

In the event of any default by Lessor, Lessee’s exclusive
remedy shall be an action for damages (Lessee hereby waiving the benefit of any
laws granting it a lien upon the property of Lessor and/or upon rent due
Lessor), but prior to any such action Lessee will give Lessor written notice
specifying such default with particularity, and Lessor shall thereupon have
thirty (30) days in which to cure any such default.

Thus,
assuming Detering’s failure to give the notice contemplated under the Fire
Clause constitutes a default, the lease provides that American Properties is to
give notice of the default and an opportunity to cure.  This paragraph would be
rendered meaningless if Detering’s failure to provide written notice resulted
in automatic termination, because Detering would be deprived of any opportunity
to cure the alleged default.  And, it is undisputed that neither American
Properties nor Hoefker gave notice of a default by Detering under this provision.   


            Additionally,
Detering provided undisputed summary-judgment evidence that Hoefker had actual notice
of the repairs.  In an affidavit, Gordon Pilmer, the vice president of
Detering’s general partner, attested that (1) he personally informed Hoefker of
the damages from Hurricane Ike and informed him that Detering had engaged a
contractor to begin renovations which commenced within seventy-two hours of the
hurricane; (2) Hoefker personally observed the renovation process during
numerous visits to the leased premises to remove files and other belongings;
(3) Hoefker communicated directly with the project manager for the renovation
contract numerous times regarding the status of the repairs; and (4) the leased
premises were completely repaired by November 1, 2008.  American Properties and
Hoefker did not dispute any of these facts in response to Detering’s
summary-judgment motion.  

            Under
these facts, the trial court did not err by concluding that American Properties
and Hoefker’s actual notice of Detering’s intent to repair the leased premises
rendered the written-notice requirement of the Fire Clause unnecessary.  See
Cole Chem. & Distrib., Inc. v. Gowing, 228 S.W.3d 684, 690–91 (Tex.
App.—Houston [14th Dist.] 2005, no pet.) (holding that, even though lessor was
statutorily required to post lockout notice, lessee’s actual notice negated the
need for any statutory notice and lessee did not argue that he was prejudiced
or damaged by lessor’s failure to post notice); see also Jasper Fed. Sav.
& Loan Ass’n v. Reddell, 730 S.W.2d 672, 674–75 (Tex. 1987) (borrower’s
actual notice of rights in deed of trust excused lender’s failure to provide
notice required by deed of trust). 

            Further,
we note that in answers to requests for admissions filed in support of Detering’s
summary-judgment motion, American Properties admitted that it had abandoned the
leased premises, it had made no lease payments since September 2008, and it did
not vacate the leased premises because Detering refused to repair the damage to
the leased premises caused by Hurricane Ike.  We therefore overrule American
Properties and Hoefker’s issue.

*
* *

            The
trial court’s judgment is affirmed.

 








                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Brown, Boyce,
and Jamison.

 









[1]
American Properties and Hoefker also assert that parol evidence will not be
received for the purpose of creating an ambiguity or to give the contract a
meaning different from that which its language imports.  See David J. Sacks,
P.C. v. Haden, 266 S.W.3d 447, 450 (Tex. 2008), and therefore Detering
“cannot satisfy the written contractual requirement through parol evidence
testimony.”  But they do not identify the alleged parol evidence they contend
the trial court should not have considered or explain any ambiguity such parol
evidence created.