# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00549-CV

**Michael P. Barry, Appellant**

**v.**

**Donald Jackson and Karen Jackson, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-03-000710, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2010, this Court considered an appeal brought by appellant Michael P. Barry complaining of the trial court's judgment in favor of appellees Donald and Karen Jackson in a breach of contract suit the Jacksons brought against Barry after a failed real estate transaction. *See Barry v. Jackson*, 309 S.W.3d 135 (Tex. App.—Austin 2010, no pet.). The judgment awarded the Jacksons approximately $50,000 in damages, as well as almost $25,000 in attorney's fees. *Id.* at 138-39. Although we agreed that Barry had breached the contract, we determined that the evidence was insufficient to support the majority of the damages award, holding that the Jacksons should recover $3,889 in damages. *Id.* at 142. Then, because we had "significantly recalculated the damages award," we remanded the case to the trial court for recalculation of attorney's fees.[1] *Id.*

---

[1] The contract provides, "The prevailing party in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees and all costs of such proceeding incurred by the prevailing party." Thus, although we reduced the Jacksons' recovery on appeal, they did prevail in their breach of contract suit and are entitled to recover reasonable attorney's fees from Barry.

at 142-43. On remand, the trial court held a hearing, entered a new judgment awarding the Jacksons $3,889 in damages and $20,000 in attorney's fees, found that the contract provided for the prevailing party to recover attorney's fees, and concluded that, based on reasonable and customary hourly rates in the area, $20,000 was a reasonable and necessary award. Barry appeals, arguing that the trial court abused its discretion in refusing to hear new evidence and in awarding attorney's fees that are "wildly disproportionate to the actual award of damages and the actual amount of work that an attorney should reasonably engage in to achieve that award." We affirm the trial court's judgment.

## Standard of Review

We will not overturn a trial court's determination of attorney's fees absent an abuse of discretion, meaning the record must show that the trial court acted arbitrarily and unreasonably, without reference to any guiding rules and principles. *Cole Chem. & Distrib., Inc. v. Gowing*, 228 S.W.3d 684, 689-90 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see also Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) ("Ordinarily, the allowance of attorney's fees rests with the sound discretion of the trial court and will not be reversed without a showing of abuse of that discretion."); *Bair Chase Prop. Co., LLC v. S & K Dev. Co.*, 260 S.W.3d 133, 138 (Tex. App.—Austin 2008, pet. denied) (when trial court is fact-finder, amount of attorney's fees will not be reversed absent clear abuse of discretion). Although the amount of damages awarded is relevant in assessing the reasonableness of a trial court's determination of attorney's fees, it is one of several factors to be considered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Other factors include the total amount of money involved; the nature and difficulty of the case; the time and labor spent; the legal skills and experience required; the attorney's

experience, reputation, and ability; and fees customarily charged in the area for similar legal services. *Id.* A trial court need not receive evidence on each *Arthur Andersen* factor and may "look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied); *see Cole Chem.*, 228 S.W.3d at 690 ("To determine an appropriate fee award, the trial judge is entitled to look at the entire record and to view the matter in light of the amount in controversy, the nature of the case, and his or her personal experience as a lawyer and judge.").

We note that the appellate record does not include a reporter's record. There is no indication that Barry requested a court reporter or objected to the reporter's failure to record the proceedings,[2] and in his motion for new trial, Barry did not mention that a record was not made, much less object to it. On appeal, he does not address the subject other than to say, "There is no record of the non-evidential hearing after remand." Without a reporter's record, we presume that the trial court "heard sufficient evidence to make all necessary findings in support of its judgment." *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) ("in the absence of a complete statement of facts, it is presumed that the omitted evidence supports the trial court's judgment").

---

[2] A court reporter must make a record of all proceedings unless the parties agree to waive it. *See* Tex. R. App. P. 13.1(a). Absent such a waiver, a reporter's failure to make a record is error. *Reyes v. Credit Based Asset Serv. & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.); *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 161-62 (Tex. App.—Texarkana 2005, no pet.). However, a party must object to the reporter's failure to record the proceedings or error is waived. *Reyes*, 190 S.W.3d at 740; *Rittenhouse*, 161 S.W.3d at 162.

3

**Discussion**

In his first issue, Barry contends the trial court erred in not reopening the evidence and conducting a full evidentiary hearing on attorney's fees. However, the clerk's record does not contain any pleading filed by Barry before the hearing asking to introduce new evidence. The Jacksons assert in their brief that they relied on the evidence related to attorney's fees that they had introduced in the original trial—documentary evidence and their attorney's testimony about the time and effort put forth up through the original trial[3]—and that Barry did not ask to be allowed to introduce new evidence. There is no evidence in the record that Barry attempted to introduce new evidence or attacked the Jacksons' evidence until he filed a motion for new trial arguing that the court should have received new evidence instead of "limiting consideration of only the evidence and testimony admitted at the original trial."

Further, we did not order the trial court to hold a full trial on the issue of attorney's fees but instead remanded the case "for recalculation of attorney's fees." *Barry*, 309 S.W.3d at 142. Without a record of the hearing, we have no way to know what evidence was adduced, whether Barry sought to attack the Jacksons' evidence or introduce his own, how the trial court ruled on any such attempts, or what kind of arguments were presented by the parties. Barry has not shown that the trial court abused its discretion in the way it chose to proceed with the hearing on attorney's fees. *See Brockie v. Webb*, 331 S.W.3d 135, 137-38 (Tex. App.—Dallas 2010, no pet.) (trial court has

---

[3] In the original trial, the Jacksons' attorney testified that up until about a month before trial, he had done about 140 hours of work in the case and that his rate was initially $150 and then raised to $175 while the case was proceeding, for a total of $22,715. He said he had also put in another twenty-one hours in the month just before trial, for another $3,675.

"inherent power that it may use to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity" and "vast discretion to maintain control of the proceedings before it, to expedite the proceedings, and to prevent what it considers to be the unnecessary use of its time or resources").

In his second issue, Barry asserts that the $20,000 attorney's fee award is "wildly disproportionate" to the $3,889 damages award. However, the amount of damages awarded is only one factor to be considered in assessing whether a trial court abused its discretion in determining the amount of fees that should be awarded. *Arthur Andersen*, 945 S.W.2d at 818. The trial court was entitled to consider the entire record, the Jacksons' evidence, the amount in controversy, and Barry's conduct throughout the case.[4] *See Jarvis*, 298 S.W.3d at 317; *Cole Chem.*, 228 S.W.3d at 690. Further, Texas courts have affirmed attorney's fee awards considerably larger than the damages awarded. *See, e.g.*, *Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 209-10 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (affirming $283,000 in attorney's fees in case with $81,000 in damages; defendant filed counterclaim for more than $500,000 and was uncooperative in discovery, and plaintiff had to hire expert but did not include expert fees in attorney's fee request); *Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 606-07 (Tex. App.—Dallas 1990, no writ) (affirming $92,000 attorney's fee award in case with $28,000 damages award; plaintiff sought damages in excess of $92,000, amount of damages is only one factor to be

---

[4] On appeal, the Jacksons assert that Barry engaged in "dilatory, time-consuming and expensive actions," stating that he changed counsel several times during the case; failed to appear for a scheduled mediation; failed to appear for a hearing, which resulted in a default judgment, then sought and received a new trial; filed two motions for summary judgment, both of which were denied; filed an unsuccessful counterclaim; and added and later released a third-party defendant.

considered, and it was for jury as fact-finder "to determine the reasonable value of an attorney's services"); *Flint & Assoc. v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 626 (Tex. App.—Dallas 1987, writ denied) (affirming $162,000 attorney's fees following $24,000 damages award, noting that amount of recovery is "but one factor" and that another factor is "total amount involved in the case," which was claimed to be more than $500,000).

The trial court presumably considered the Jacksons' evidence about attorney's fees incurred in the original proceeding, as well as argument by the parties, and determined that $20,000 was a reasonable and necessary sum. Barry has not shown that the trial court abused its discretion in coming to that conclusion. *See Bair Chase Prop. Co.*, 260 S.W.3d at 138; *see also Schafer*, 813 S.W.2d at 155 ("[W]hen an appellant complains of the factual or legal sufficiency of the evidence, the appellant's burden to show that the judgment is erroneous cannot be discharged in the absence of a complete or an agreed statement of facts.").

**Conclusion**

Barry has not shown that the trial court abused its discretion in the way it conducted the hearing or in its determination of the attorney's fee award. We affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:  November 26, 2013

6