**Affirmed and Memorandum Opinion filed April 2, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-01062-CV

**PRO-CARE MEDICAL CENTER AND INJURY MEDICAL GROUP, Appellant**

**V.**

**QUALITY CARRIERS, INC., GULF COAST EXPRESS CARRIERS, INC., AND BOBBY NIXON, Appellees**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-16664**

## MEMORANDUM OPINION

In this appeal, appellant Pro-Care Medical Center and Injury Medical Group ("Pro-Care") asserts the trial court abused its discretion by awarding Pro-Care less than its requested amount of attorney's fees. For the reasons below, we affirm.

### BACKGROUND

Appellee Bobby Nixon was driving an eighteen-wheeler when he became

involved in an accident with two other vehicles. At the time of the accident, Nixon was employed by appellees Quality Carriers, Inc. and Gulf Coast Express Carriers, Inc. (together with Nixon, "Quality Carriers"). Quality Carriers sued the vehicles' drivers and one vehicle's owner, asserting claims arising from the accident; other individuals involved in the accident intervened and asserted claims against Quality Carriers.

During the course of litigation, Quality Carriers filed a "Motion for Leave to Join Additional Parties" seeking to join Pro-Care, Foundation Surgical Hospital, and Cumberland Surgical Hospital as parties to the suit.[1] Quality Carriers asserted that joinder was necessary to secure certain discovery from the health care providers. The trial court granted Quality Carriers' motion for leave.

Pro-Care filed an answer to Quality Carriers' suit and a motion to dismiss under Texas Rule of Civil Procedure 91a, pointing out that Quality Carriers' petition did not allege any claims against Pro-Care. Quality Carriers filed an amended petition asserting claims against Pro-Care and the other health care providers for conspiracy to commit fraud and violations of the Stark Law.[2] Pro-Care withdrew its original motion to dismiss and filed a second Rule 91a motion to dismiss addressing the pleaded claims. Pro-Care's attorney, Michael C. Kelsheimer, filed an affidavit in support of attorney's fees and asserted that $19,093.00 in costs and fees had been incurred in Pro-Care's representation. Kelsheimer's affidavit did not include any exhibits.

---

[1] Foundation Surgical Hospital and Cumberland Surgical Hospital are not parties to this appeal.

[2] The Stark Law prohibits physicians from referring patients to entities with which the physician has a financial relationship for certain designated health services payable by Medicare unless the transaction is structured to fit within one of the Stark Law's exceptions. *See* 42 C.F.R. §§ 411.353(a), 411.357.

Approximately four months later, Pro-Care filed a motion to dismiss under the Texas Medical Liability Act ("TMLA"), asserting Quality Carriers failed to comply with the TMLA's expert-report requirement.[3] Kelsheimer filed a second attorney's fees affidavit claiming that $30,299.36 in fees and costs had been incurred. Kelsheimer's second affidavit did not include any exhibits.

After responding to Pro-Care's motions to dismiss, Quality Carriers nonsuited with prejudice its claims against Pro-Care, Foundation, and Cumberland. The trial court signed an order granting Quality Carriers' nonsuit. Kelsheimer then filed a third attorney's fees affidavit asserting that $53,194.01 in costs and fees had been incurred. Kelsheimer's third affidavit included approximately 40 pages of billing records. Quality Carriers filed objections to Pro-Care's evidence and argued that (1) Pro-Care could not recover for fees expended before Quality Carriers asserted any claims against the health care providers; (2) the billing records were so heavily redacted it was "impossible" to determine whether the work merited a fee recovery; and (3) the hourly rates were excessive. The trial court held a hearing on the health care providers' motions to dismiss on February 9, 2018.[4]

Yolanda Godina, one of the individuals involved in the accident, nonsuited her claims against Quality Carriers; the trial court granted the nonsuit in a signed order. Under the impression that this order disposed of all remaining claims, Pro-Care filed a motion to modify the order granting Godina's nonsuit and requested

---

[3] Texas Civil Practice and Remedies Code section 74.351 requires that a plaintiff asserting a health care liability claim serve an expert report within 120 days of the filing of an answer by any defendant physician or health care provider. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

[4] A transcript of this hearing was not included with the reporter's record. Pro-Care states in its appellate brief that, after inquiring with the court reporter, it was notified that "there is no recording of the hearing."

that the trial court (1) dispose of the health care providers' motions to dismiss, and (2) award attorney's fees.

The trial court held a hearing on the motion to modify on April 30, 2018. The attorneys for Quality Carriers, Cumberland, and Foundation were present at the hearing; Pro-Care's attorney attempted to attend via telephone. When the trial court was informed that "there may be a couple of attorneys on the phone that wanted to participate," the trial court said, "I don't want to hear anymore from anybody else." After the attorneys' arguments, the trial court stated:

> I think you're both full of hoo whee [sic]; and the fees being charged — sought to be charged by the providers' attorneys for this — this alleged miscarriage of justice are outrageous. Both sides are to be totally — I don't want to say, "condemned;" but I have total disapproval of both sides and how both sides have conducted themselves in litigation. I'm tired of all of you. I'm going to enter an order that's going to be modest sanctions; and you all can get out of here and go to San Antonio or go to the Court of Appeals or go wherever you want and try to sell somebody else on these outrageous claims by both sides, okay.

At the conclusion of the hearing, the trial court signed an order granting Pro-Care's motion to modify Godina's nonsuit. The trial court granted Pro-Care's Rule 91a and TMLA motions to dismiss and awarded Pro-Care $10,000 in attorney's fees.

Pro-Care appealed to this court; we dismissed the appeal for lack of jurisdiction because no final judgment or otherwise appealable order had been signed in the underlying proceeding. *See Pro-Care Med. Ctr. v. Quality Carriers, Inc.*, No. 14-18-00350-CV, 2018 WL 3469008 (Tex. App.—Houston [14th Dist.] July 19, 2018, no pet.) (mem. op.) (per curiam). The trial court disposed of the remaining claims and signed an agreed final judgment on November 12, 2018. Pro-Care timely appealed.

4

In its sole issue, Pro-Care asserts the trial court's $10,000 attorney's fees award constitutes an abuse of discretion. Pro-Care argues that its evidence establishes the full amount of costs and fees as a matter of law and requests that we render a judgment in its favor for $53,194.01.

The trial court's April 30, 2018 order granted Pro-Care's motions to dismiss Quality Carriers' claims under Texas Rule of Civil Procedure 91a and Texas Civil Practice and Remedies Code section 74.351. Rule 91a and section 74.351 entitled Pro-Care to an award of attorney's fees.[5] *See* Tex. R. Civ. P. 91a; Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

We review an attorney's fees award for an abuse of discretion. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004); *State Farm Lloyds v. Hanson*, 500 S.W.3d 84, 97 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). A trial court abuses its discretion when it rules arbitrarily, unreasonably, or without regard to guiding legal principles. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

An award of attorney's fees must be supported by evidence that the fees are reasonable and necessary; the reasonableness of fees generally is a fact issue. *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). A reasonable fee is one that is not excessive or extreme, but instead is moderate or fair. *Garcia*, 319 S.W.3d at 642. Factors that trial courts should consider when determining the reasonableness of a

---

[5] The Texas Supreme Court recently gave final approval to an amendment of Rule 91a making an award of attorney's fees discretionary, rather than mandatory. *See* Final Approval of Amendments to Texas Rule of Civil Procedure 91a.7, Nov. 12, 2019 (Tex. Misc. Docket No. 19-9108). Because this amendment to Rule 91a applies only to civil actions commenced on or after September 1, 2019, it is inapplicable to the underlying suit filed in 2017.

fee include: the time, labor, and skill required to properly perform the legal service; the novelty and difficulty of the questions involved and the results obtained; the nature and length of the professional relationship with the client; and the experience, reputation, and ability of the lawyer performing the services. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). "To determine an appropriate fee award, the trial judge is entitled to look at the entire record and to view the matter in light of the amount in controversy, the nature of the case, and his or her personal experience as a lawyer and judge." *Cole Chem. & Distrib., Inc. v. Gowing*, 228 S.W.3d 684, 690 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Here, the trial court did not abuse its discretion by awarding Pro-Care less than its requested amount of attorney's fees. Kelsheimer filed three affidavits and 40 pages of billing records to support his contention that Pro-Care incurred $53,194.01 in costs and fees for its representation in the underlying proceeding. Whether these fees were reasonable, however, was a consideration left to the trial court in its role as factfinder. The billing records show that 11 timekeepers worked on the matter with hourly rates ranging from $175 to $700. As Quality Carriers pointed out in its objections to Pro-Care's fees evidence, certain billing records are heavily redacted — some entries were completely redacted and do not show who worked on the matter, how long they worked, or what tasks were completed.

The trial court was permitted to consider these billing records in conjunction with the nature of the underlying proceeding which, based on the record, did not proceed past the motion-to-dismiss stage. Pro-Care filed three motions to dismiss Quality Carriers' claims: two under Rule 91a and one under the TMLA. The first Rule 91a motion was filed before Quality Carriers asserted any claims against Pro-Care and sought a dismissal on that basis; this motion was withdrawn after Quality

6

Carriers filed its amended petition. Pro-Care then filed a second Rule 91a motion challenging the two claims Quality Carriers asserted against Pro-Care as well as Quality Carriers' standing to pursue its claims. Before the second motion was ruled on, Pro-Care filed a third motion to dismiss under the TMLA asserting that Quality Carriers did not satisfy the TMLA's expert-report requirement. Each of these motions (together totaling approximately 25 pages) presented straightforward arguments that did not require a discussion or analysis of complex legal issues. The trial court, in its role as factfinder, was entitled to evaluate the complexity and necessity of these legal services in light of the $53,194.01 in claimed costs and fees. Given the scope of this evidence, we conclude the trial court did not abuse its discretion by awarding Pro-Care $10,000 in fees. *See In re S.E.W.*, No. 01-18-00310-CV, 2019 WL 1560795, at *4-5 (Tex. App.—Houston [1st Dist.] Apr. 11, 2019, no pet.) (mem. op.) (trial court did not abuse its discretion by awarding less than the requested amount of attorney's fees); *Weaver v. Jamar*, 383 S.W.3d 805, 813-14 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (same); *Dumler v. Quality Work by Davidson*, No. 14-06-00536-CV, 2008 WL 89961, at *6-7 (Tex. App.—Houston [14th Dist.] Jan. 10, 2008, no pet.) (mem. op.) (same).

Asserting the trial court's attorney's fees award was based "upon a whim," Pro-Care argues that the trial court took no notice of the documentary evidence in the record. But the record does not support this contention. Kelsheimer's third affidavit and billing records were filed approximately four months before the trial court signed the order awarding Pro-Care attorney's fees. At the April 30, 2018 hearing on Pro-Care's motion to modify, the trial court referred to the fees sought by Pro-Care and the other health care providers as "outrageous," suggesting it was familiar with the amounts sought to be recovered and the purported justifications therefor. Moreover, the trial court held a hearing on Pro-Care's motions to dismiss

on February 9, 2018; both motions explicitly requested an award of attorney's fees. According to Pro-Care, no record was taken of this hearing. Without a reporter's record from this hearing, we presume the evidence at the hearing was relevant and supports the trial court's judgment awarding attorney's fees. *See In re M.K.M.L.*, No. 14-17-00010-CV, 2018 WL 1476340, at *4 (Tex. App.—Houston [14th Dist.] Mar. 27, 2018, no pet.) (mem. op.); *Brower v. Hearn*, No. 14-07-00967-CV, 2009 WL 10220174, at *3 (Tex. App.—Houston [14th Dist.] Feb. 10, 2009, no pet.) (mem. op.).

Pro-Care also asserts the trial court erred when it "refused to hear testimony or argument from Pro-Care's counsel" at the April 30, 2018 hearing. But Pro-Care does not state what additional testimony or argument it would have provided with respect to its request for attorney's fees. Given the scope of evidence before the trial court and the hearing held on Pro-Care's motions to dismiss, we cannot conclude that this action rendered the trial court's attorney's fees award an abuse of discretion.

We overrule Pro-Care's sole issue on appeal.

## CONCLUSION

We affirm the trial court's November 12, 2018 final judgment.


/s/    Meagan Hassan
       Justice


Panel consists of Justices Christopher, Bourliot, and Hassan.